# Coffey *v.* Joseph.

*Petition by Widow for Allotment of Homestead; Contest by Mortgagee as Creditor.*

1. *When appeal lies.*—When the widow's claim to a homestead exemption is contested by a creditor of her deceased husband, and the contest is removed into the Circuit Court for trial, an appeal to this court does not lie from the judgment of the Circuit Court (Code, § 2841), but must be taken from the subsequent judgment of the Probate Court; and an appeal taken from that court, before any subsequent proceedings are had, will be dismissed.

2. *Widow's right of homestead exemption; who may contest.*—When a widow files her petition in the Probate Court, claiming and asking the allotment of a homestead in the lands of her deceased husband, her right may be contested by the personal representative of the husband, or by any person in adverse interest (Code, § 2841); but the object and purpose of the statutory contest is to separate the homestead lands from the lands subject to administration, and the title is not involved; nor can a mortgagee propound his interest, and try the validity and priority of his mortgage as against the widow's claim of homestead, either in the Probate Court, or in the Circuit Court on certificate from the Probate Court.

APPEAL from the Probate Court of Jackson.

The record in this case shows that, on the 13th June, 1881, Mrs. Polly Ann Joseph, as the widow of Julius Joseph, deceased, filed her petition in said Probate Court, asking that a parcel of land in the town of Stevenson, containing about eight acres, and alleged to be of the value of about $300, of which her said husband died seized and possessed, be set off and allotted to her and her minor children as their homestead exemption; that the petition came on for hearing on the 22d July, 1881, when the court appointed three commissioners to set apart and allot to the petitioner and her children the said land, or so much thereof as they might be entitled to, but reserved "all other questions touching the matter until the coming in of said report;" that on the 30th September, 1881, before the commissioners made their report, Rice A Coffey filed his petition in said court, propounding his interest in the lands under a mortgage which purported to be executed by said Julius

[Coffey v. Joseph.]

Joseph and his wife, and asking that he be made a party, in order that he might contest the widow's claim of homestead; that the commissioners made their report on the 5th October, 1881, allotting to the widow the lands which she claimed; and that on the 17th October, the court made an order which, after reciting these proceedings, continued thus: "And it appearing to the court that said Rice A. Coffey is a person in adverse interest, and exceptions having been filed within the time allowed by law; it is considered by the court, that said R. A. Coffey be, and he is hereby, made a party defendant to this proceeding, and authorized to propound his interest in the same. And the petitioner having joined issue on the objections and exceptions filed by said Coffey, and it appearing after due consideration that said exceptions are to the allotment of a homestead in said lands, and not merely to the allowance of said claim, it is ordered by the court, that the issue so formed be certified to the next term of the Circuit Court of said county, for such proceedings thereon as the law directs."

In the Circuit Court, as the bill of exceptions recites, the plaintiff having offered in evidence the transcript certified from the Probate Court, "the defendant and contestant then admitted, that said petitioner was the widow of said Julius Joseph, deceased, and that said Joseph was living on the said lands at the time of his death, and was occupying said lands as a homestead at and before the execution of the mortgage to said defendant; and on these admissions being made, plaintiff closed her evidence, and the said defendant then offered in evidence" his mortgage, testifying as a witness for himself to its execution by said Joseph and his wife. "The plaintiff's counsel objected to the introduction of said mortgage as evidence, because the acknowledgment was not in the form prescribed by law for alienation of homesteads. The defendant's counsel insisted, that the acknowledgment was in proper form, and that the issue presented by plaintiff's objection was not within the issues presented by the record certified from the Probate Court. The court sustained the objection of plaintiff's counsel, held that the acknowledgment to the mortgage was not sufficient, and excluded said mortgage as evidence for that reason; to which ruling the defendant duly objected and excepted. There being no further evidence in the cause, the court rendered judgment in favor of the complainant, and against the defendant, sustaining the complainant's claim of homestead, and taxing the defendant with the costs of the contest. The defendant then prayed an appeal from said judgment, direct to the Supreme Court, which the court refused to grant; and the defendant thereupon objected and excepted. The court then certified said judgment back to the Probate Court, with instructions to grant the de-

[Coffey v. Joseph.]

fendant an appeal from said Probate Court to the Supreme Court, on the judgment and record of said cause from the Circuit Court; to which the defendant objected and excepted, but reserved the right to take such appeal from the Probate Court, as directed by said Circuit Court."

The record does not show any subsequent judgment or decree of the Probate Court. The certificate of appeal is signed by the judge of probate, but does not describe the judgment from which the appeal is taken. The judgment of the Circuit Court, and its rulings to which exceptions were reserved, are now assigned as error.

ROBINSON & BROWN, for appellant.

R. C. HUNT, contra.

BRICKELL, C. J.—The appeal must be dismissed. The only judgment or decree found in the record, having any of the properties of a final judgment or decree, is the judgment of the Circuit Court rendered on the contest of the right of homestead claimed by the widow and minor children, certified from the Court of Probate. That judgment, the statute (Code of 1876, § 2841) seems to intend, shall not be the subject of an appeal, but that an appeal shall lie only from the decree rendered in the Court of Probate, on the subsequent proceedings which it is contemplated shall be had. If such proceedings were had, and a decree rendered, they are not disclosed in the present record.

The proceedings in the Court of Probate, and the subsequent proceedings in the Circuit Court, were statutory. The jurisdiction of each court over the subject-matter is derived from the statute, which prescribes the course of proceedings, and limits and bound the jurisdiction. The jurisdiction is to hear and determine the validity of a claim of the widow, or of the minor children, to a homestead; and if the homestead is assigned by commissioners appointed by the judge of probate, whether the valuation fixed by the commissioners be just, or whether the real value of the land assigned is in excess of the exemption allowed by law. The contest of the claim of exemption, or of the valuation fixed by the commissioners, may be instituted by the personal representative, or by any party "in adverse interest." The whole purpose is to ascertain the lands subject to administration, separating them from the lands the widow or minor children can rightfully hold as homestead. The title to the lands is not involved; nor is the inquiry involved, whether there are outstanding incumbrances, to which the homestead right is subordinate. The homestead is carved

18

[Vincent v. The State.]

out of the estate of the deceased husband, or father, and may exist in any lands, in which he had a legal or equitable interest, attended with occupancy at the time of his death.—Thompson on Homestead, §§ 170–73 ; *Weber v. Short*, 55 Ala. 311 ; *McGuire v. VanPelt, 1 b.* 344.

Whether the mortgage to the appellant is valid and operative, was not the subject of determination in this proceeding. If it be valid, the widow and minor children were, nevertheless, entitled to a homestead in the lands, continuing until there was a foreclosure. If it be not valid and operative, the homestead can not defeated by it. As well could the mortgagee have gone into the Court of Probate with an action of ejectment for the recovery of possession, or a bill to foreclose, as to have instituted a contest of the right of homestead, under the statute, upon the ground that his estate as mortgagee was superior to the right of homestead. The statute confers no jurisdiction upon the Court of Probate, or the Circuit Court upon a certificate from the Court of Probate, to entertain such a contest. The statutory jurisdiction is limited and confined to the inquiry, whether the lands in which homestead is claimed were, at the death of the husband and father, impressed by his occupancy with the character of a homestead, as occupancy is defined by the statute, and whether the assignment made by the commissioners is in value excessive. It does not authorize a trial of disputed titles to land.

We do not pass upon the sufficiency of the certificate of the wife's acknowledgment of the execution of the mortgage. That question, upon this appeal, lies as completely without our jurisdiction, as it was without the jurisdiction of the Court of Probate, or of the Circuit Court.

Appeal dismissed.