# Cox *et al.* v. Bridges.

### *Petition by Widow for Allotment of Homestead.*

1. *Allotment of homestead exemption to widow.*—The application of a widow for the allotment of a homestead being contested, and the proceedings thereupon certified to the Circuit Court for trial, the questions for consideration are, whether the husband occupied the land as a homestead at the time of his death, and whether the value is within the statutory limit ($2,000). The indebtedness of the estate is immaterial, and the question of title can not be investigated.

APPEAL from Pickens Probate Court.
Heard before Hon. THOS. G. WILLIAMS.

W. F. JOHNSTON, for appellants.

D. C. HODO, *contra.*

CLOPTON, J.—The appellee selected and claimed a homestead exemption as the widow of her deceased husband, Robert Bridges, and petitioned the Probate Court to have the same allotted to her. Commissioners were appointed to allot, and set off a homestead, and to appraise its value. They returned their report to the court, within proper time, exceptions were filed thereto by the appellants, and the testimony taken. The issue formed on the exceptions was certified by the Probate Court to the Circuit Court, where a trial was had, judgment rendered in favor of the petitioner, and the judgment certified back to the Probate Court for further proceedings; whereupon judgment was rendered confirming the report of the commissioners, and allotting the homestead. Under the statute, a widow is entitled to a homestead exemption not exceeding one hundred and sixty acres in quantity, nor two thousand dollars in value, when in the country, which takes effect at the death of the husband, and which she may

retain until it is ascertained whether the estate is solvent or insolvent. Whether or not the estate of her husband owes debts is an immaterial question on the trial of the claim of exemptions. The husband's occupancy of a homestead at the time of his death, and value within the statutory limitation, entitle a widow to the exemption. We must conclusively presume, that by the verdict of the jury, and the judgment of the Circuit Court, it was ascertained and determined that the husband of the petitioner occupied the lands as a homestead at the time of his death, and that it does not exceed the statutory value.

The main exception to the allotment of the homestead made by the appellants is, that the lands were sold and conveyed to Mrs. Cox, one of the appellants, by the petitioner and her husband in October, 1878, and that the husband did not die seized of the lands. The jurisdiction of the Probate Court and of the Circuit Court to hear and determine the validity of the claim to the homestead is derived from the statute, which prescribes the mode of proceeding, and limits the jurisdiction, the purpose being to carve the homestead out of the estate of the husband, and separate it from the lands subject to administration. The title to the lands is not involved. In *Coffey v. Joseph*, 74 Ala. 271, it is said: "The statutory jurisdiction is limited and confined to the inquiry, whether the lands in which homestead is claimed were, at the death of the husband and father, impressed by his occupancy with the character of the homestead, as occupancy is defined by the statute, and whether the assignment made by the commissioners is in value excessive. It does not authorize a trial of disputed titles to land." The validity of the conveyance to Mrs. Cox was a matter without the jurisdiction of the Circuit Court, and must be tried and determined in other and appropriate proceedings. Whatever opinion we might express in regard to its validity would be mere *dicta*, and we therefore decline to consider it.

Affirmed.