(92 South. 121)

## THOMPSON v. BUTTS. (4 Div. 971.)

(Supreme Court of Alabama. Feb. 11. 1922.)

1. **Infants** ⊜⟶115—**Record on appeal held not to show infant represented by guardian ad litem below.**

On appeal in a proceeding to contest a minor's claim to a homestead exemption under an assignment from her mother, wherein the hearing on exceptions to the report of commissioners in her favor was had under Code 1907, § 4211, requiring the appointment of a guardian ad litem to represent her, it appeared that the contestant filed a petition to have the land sold for division, and that a guardian ad litem was appointed to represent the minor on such application; but the guardian's acceptance was limited thereto and formally denied the petition. The judgment did not show that the appearance of a guardian ad litem at the hearing of the exceptions, and the recital of the bill of exceptions was, "Came the petitioner by her next friend and his attorney." *Held*, that the record failed to show compliance with the statute.

2. **Homestead** ⊜⟶150(1)—**In proceeding to establish homestead right, holder of mortgage given by heir held not proper party.**

Where a widow assigned her homestead right to her minor daughter, who petitioned to

have the tract set apart to her as a homestead, one claiming an interest by virtue of a mortgage executed by an adult heir was not a "person in interest," and had no proper place in the proceeding, for the title to the land was not invalid, and there was no inquiry as to whether there were outstanding incumbrances to which the homestead right was subordinate.

Appeal from Probate Court, Coffee County; S. N. Rowe, Judge.

Contest of homestead exemption between Dossie Thompson and Mary Butts. From a judgment denying the exemption, Dossie Thompson appeals. Reversed and remanded.

H. L. Martin, of Ozark, for appellant.

Section 4211, Code 1907, requires the appointment of a guardian ad litem, and this was not done in this instance. 107 Ala. 364, 18 South. 108; 62 Ala. 222. Chambers not a person in interest in such a sense as to entitle him to contest. 74 Ala. 271.

Simmons & Simmons, of Enterprise, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Lewis Thompson died in Coffee county, leaving a widow and six children, all adults, except Dossie, who, at the time of the proceeding under review was 20 years of age and unmarried. The other children were all of full age. The real estate left by deceased consisted of a tract of 114 acres. The widow assigned her homstead right to her daughter Dossie, whereupon Dossie filed her petition in the probate court to have the tract set apart to her as her homestead. Commissioners were appointed and they reported—to omit matters not controverted—that the land was worth less than $2,000, and that petitioner was entitled to homestead therein. Appellee, one of the adult children, filed exceptions to the report, and upon the hearing her exception, to the effect that the land was worth more than $2,000, was sustained, Dossie appeals.

[1] The hearing on the exceptions was had under section 4211 of the Code. This section requires that—

"If there is no guardian, the court must appoint a guardian ad litem to represent such minor child or children."

It seems that the statute in the respect indicated was not complied with. True, appellee had filed her petition in the court to have the land in question sold for division, and a guardian ad litem was by the court appointed to represent and protect the interest of the minor "upon the application of Mary Butts to sell certain land for division," and the guardian so appointed filed his acceptance,

limited in the same language, and entered a formal denial of that petition. But it is not made to appear that any guardian represented the minor at the hearing of the exceptions. The judgment does not show the appearance of a guardian ad litem in that proceeding, and the recital of the bill of exceptions is: "Came the petitioner, by her next friend and his attorney." We feel constrained to hold that the record fails to show compliance with the statute.

[2] Our reading of the bill of exceptions leads us to conclude that the contest on the exceptions to the report of the commissioners was not between appellant and appellee, but that it was between appellant and one Chambers, claiming to own an interest in the land by virtue of a mortgage executed by one of the adult heirs of Lewis Thompson, deceased. Chambers had no proper place in the proceeding. He was not a "person in interest." The title to the land was not involved; nor was the inquiry whether there were outstanding incumbrances, to which the homestead right was subordinate. If, as was pointed out in Coffey v. Joseph, 74 Ala. 271, the mortgage was valid and operative, appellant was, nevertheless, entitled to homestead until there was a foreclosure; and, if not valid, the homestead could not be defeated by it.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.