15 So.2d 583
## LAURANCE et al. v. MITCHELL.
### 4 Div. 303.

Supreme Court of Alabama.
Nov. 11, 1943.

A. L. Patterson, of Phenix City, for appellants.

J. B. Hicks, of Phenix City, for appellee.

BOULDIN, Justice.

The appeal is from a decree overruling demurrers to a bill in equity.

Broadly speaking, the purpose of the bill is to clear up and define the title of the owner of an alleged reversionary estate in lands in fee subject to a life estate still pending. The substance of the bill may be summarized as follows:

The lands were owned by Mollie Daniels Williams. Upon her death intestate on October 14, 1935, the title passed to complainant, Arlina Mitchell, a niece, and sole heir at law of the decedent, subject to a statutory life estate in the surviving husband, John Williams, who still survives. In 1936, said John Williams executed a deed to Moses Mitchell purporting to convey a fee simple title to the lands with full covenants of warranty. This deed recited that the grantor and grantee were all the heirs of "Mollie Adams Williams" instead of "Mollie Daniels Williams;" but the same deed shows the parties were the surviving husband and a nephew of the owner, who departed this life on October 14, 1935. The bill discloses that Moses Mitchell was in fact the son of this complainant, Arlina Mitchell, a great-nephew of Mollie Daniels Williams, and could not have become an heir while his mother still lived.

Moses Mitchell died in 1940, leaving a surviving widow, Beatrice Mitchell, but no minor children, in fact, no descendants.

In January, 1942, upon petition of Beatrice Mitchell, surviving widow, the lands were set apart as a homestead by the Probate Court. These proceedings, set out in the record, purport to vest the widow with a fee simple title in the lands. The regularity of the proceedings is not challenged. Notice was given to Arlina Mitchell, along with others, presumably as next of kin of the decedent, pursuant to Title 7, § 677 of the Code. Arlina Mitchell joined with other respondents in filing a "plea and answer" to the petition, saying: "* * * they deny the allegations contained in said petition and aver that the said Beatrice Mitchell is not entitled to have said land described in said petition set aside to her as a homestead and is not entitled to have said land vested in her absolutely."

Following these proceedings, Beatrice Mitchell having remarried, she and her husband, Jesse Johnson, executed a deed to named vendees, purporting to convey to them a fee simple title in a portion of the lands. These vendees, thereupon, executed a mortgage on the lands so purchased. All these vendees and mortgagees are made parties respondent to complainant's bill in equity. Beatrice Mitchell Johnson died without issue before suit filed. Her surviving husband is made party respondent.

All respondents filed demurrers to the bill and prosecute this appeal from a decree overruling the demurrers.

The demurrers take the point that the proceedings setting apart the homestead are conclusive against complainant, not subject to collateral attack, but only to direct attack by appeal or by bill in equity upon the ground of fraud in the procurement of the decree setting apart the property as a homestead and vesting a fee simple title in Beatrice Mitchell, surviving wife of Moses Mitchell.

█ True, as argued, decrees duly entered in the Probate Court, having jurisdiction of the parties and subject matter, are as conclusive as judgments of other courts, and subject to attack by like pro-

**680**

ceedings, except as otherwise provided by statute.

But appellants misconceive the nature of the proceedings here involved. The subject matter of proceedings to set apart exemptions to a widow is the estate of the decedent in the lands. On ascertainment of certain facts, the proceeding vests a complete title in the widow to all the estate owned by decedent at the time of his death. This and no more. That court was without jurisdiction to try titles as between the decedent and this complainant. For that reason, she could not, in that proceeding, set up her own title to the reversion in the lands. The court had jurisdiction to set apart a homestead vesting the widow with the life estate acquired by Moses Mitchell from John Mitchell, the surviving husband of the owner, from whom complainant took title as sole heir at law. While the proceedings declared this a fee simple estate, it could not conclude any questions of title in another at the time of decedent's death.

These conclusions follow from the nature and purpose of these proceedings to set apart the widow's homestead exemption, and the jurisdiction conferred by law on the Court of Probate. Title 13, § 278, Code of 1940; Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

The court of equity has jurisdiction, upon a bill of complaint by a reversioner, to protect his estate, not only against waste by a life tenant in possession, but also to declare and decree the title of complainant as against the owner or owners of a life estate in possession, but claiming a fee simple title under conveyances purporting to convey the same. In such case the court may, by decree, limit the title held by respondents to the true estate passing by their deeds. This is an appropriate method of removing clouds upon the title of the reversioner, who has no adequate remedy at law while respondents hold rightful possession by virtue of a life estate, not yet terminated. Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 So. 646; Teal v. Mixon, 233 Ala. 23, 169 So. 477.

There was no error in overruling the demurrers.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.