30 So.2d 1

### HOWTON v. HOWTON et al.
#### 6 Div. 433.

Supreme Court of Alabama.
April 17, 1947.

J. A. Lipscomb and Theodore J. Lamar, both of Bessemer, for appellant.

Ross, Ross & Ross, of Bessemer, for appellees.

LIVINGSTON, Justice.

This appeal is from a judgment entered in the Probate Court of Jefferson County (Bessemer Division), sustaining exceptions to the report of commissioners setting aside real estate to appellant, a widow, as homestead exemptions.

A. G. Howton departed this life on April 26, 1945, and left surviving him a widow, Mrs. Rosie Lee Howton, who is the appellant here, three sons, and three daughters, all over the age of 21 years.

On July 26, 1945, the widow under and by virtue of the provisions of section 694 et seq., title 7, Code of 1940, filed her petition in the Probate Court of Jefferson County (Bessemer Division), praying for the appointment of commissioners for the purpose of making an inventory and appraisement of the real estate and personal property of A. G. Howton, deceased, and to have the same set aside to her in lieu of a homestead, and as exempt personal property. On the same day the court appointed George Bain and Joe Higdon as commissioners to inventory and appraise the real and personal property of A. G. Howton, deceased, and if found to be equal to or less than that allowed by law to the widow, to set the same aside to her as exempt property.

On August 2, 1945, the commissioners reported that A. G. Howton at the time of his death owned the following described real estate: "N.W. ¼ of S.W. ¼ SR section 4, township 19, range 6, Jefferson County, Alabama; S.E. ¼ of S.E. ¼ SR section 5, township 19, range 6, less ten acres in the N.W. corner being the N.W. ¼ of said quarter of quarter section, Jefferson County, Alabama." That said real estate was all the land owned by Howton at the time of his death; that the same was less than 160 acres in area, and of less value than $2,000, and that it was set apart as exempt to the widow. The commissioners also made an inventory of the personal property, appraised it at less than $1,000, and set it apart to the widow as exempt.

By order of the probate court, the commissioners' report was set for hearing on the 4th of September, 1945. The six children of A. G. Howton, deceased, filed exceptions to the report of the commissioners basing the same on the two following grounds:

"1. Because at the time of the death of the said A. G. Howton he did not own the property described and set out in the petition for the homestead exemption.

"2. Because the said A. G. Howton and the petitioner herein Rosie Lee Howton had conveyed all the property described in said

petition except the NW ¼ of the SE ¼ of the SE¼ of section 5, township 19, range 5 West to the people named above and the ones filing these objections to setting aside the homestead, the petitioner reserving the ten acres excepted above together with the house place thereon as her homestead, said conveyance being made prior to the death of said A. G. Howton."

On the hearing, exceptioners, offered in evidence a deed signed by A. G. Howton and wife, Rosie Lee Howton, conveying the lands above mentioned and · described to exceptioners: the deed being dated a few days before Howton died. The widow objected, but the objection was overruled and the deed admitted. Exceptioners then offered in evidence the probate records showing a conveyance from A. G. Howton to Rosie Lee Howton of 10 acres of land, which deed was also dated a few days prior to the death of Howton. This deed was also admitted over the timely objections of the widow. The foregoing constituted all the evidence offered by the exceptioners.

The widow then offered to prove the invalidity of the deed to exceptioners, but the trial court refused to admit the proof. No objection being made to the report of the commissioners as to personal property, the trial court ratified and confirmed the same.

The trial court sustained exceptioners' objections to the report of the commissioners setting aside the real estate to the widow, and set the report aside. From that part of the decree this appeal is prosecuted.

We think it clear that the widow's petition to have set aside to her as exempt the real estate and personal property described, was filed under and by virtue of section 694 et seq., title 7, Code of 1940. Occupancy by the husband during his lifetime of the lands described is not a jurisdictional fact under section 694, supra. Other jurisdictional facts were alleged.

The jurisdiction of the probate court to hear and determine the validity of the claim to the homestead, or to lands in lieu thereof, is derived from the statutes which prescribe the mode of proceeding and limit the jurisdiction. The title to the land is not involved. Under section 694 et seq., supra, the statutory jurisdiction is limited to the inquiry whether the lands claimed in lieu of homestead is all the real estate owned by the deceased husband at the time of his death, and whether it exceeds 160 acres in area, and $2,000 in value. It does not authorize a trial of disputed title to land. The validity of the conveyance to the exceptioners was a matter without the jurisdiction of the probate court, and must be tried in other and appropriate proceedings. Coffey v. Joseph, 74 Ala. 271; Cox et al. v. Bridges, 84 Ala. 553, 4 So. 597. In such other proceeding, the setting apart of the land in lieu of homestead is not res adjudicata. This proceeding binds the children of Howton as heirs, but not as purchasers or holders of the legal title otherwise lawfully acquired. The question of ownership, in cases of this character, is met by proof of possession under claim of ownership by decedent, and no further inquiry into title was contemplated under the statute above referred to, and under the decisions herein cited. The procedure may be cumbersome and circuitous, but that is a matter which addresses itself to the legislature, and not to the courts.

It is clear enough that the trial court was in error in admitting the deeds in evidence. The burden of proof was on exceptioners (section 678, title 7, Code), and the only evidence offered by them being the two deeds, which were inadmissible, the trial court should have confirmed the report of the commissioners.

Reversed and remanded.

All the Justices concur.

BROWN, Justice (concurring specially).

Coffey v. Joseph, 74 Ala. 271, and Cox et al. v. Bridges, 84 Ala. 553, 4 So. 597, were decided in the early eighties, at which time the Code of 1876 embodied the law with respect to setting apart homestead exemptions to the widow and the contest of that right. See Code 1876, § 2841. Under the law of that time the probate court was without authority or jurisdiction to confirm the report of the commissioner. That question had to be certified to the circuit court wherein the contest was to be

tried. Under that section of the Code of 1876, as observed, "The object and purpose of the statutory contest is to separate the homestead lands from the lands subject to administration, and the title is not involved. * * *." Coffey v. Joseph, supra.

That is not the scope and purpose of the proceedings under our present statutes which have been enacted and brought into the code since those decisions. These statutes confer on the probate court jurisdiction, as between the heirs at law and the widow, to hear and determine the contest and if determined in favor of the widow to vest in her the legal title to the property. As stated in the majority opinion, "The statutory jurisdiction is limited to the inquiry whether the lands claimed in lieu of homestead *is all the real estate owned by the deceased husband at the time of his death,* and whether it exceeds one hundred and sixty acres in area, and two thousand dollars in value."—[Italics supplied.] The title and ownership of the decedent is the essence of the issue. The adjudication is conclusive as between the exemptioner and the heirs. Sims et al. v. Kitchens, 233 Ala. 484, 172 So. 638. Of course, it cannot affect the rights of persons who are not parties to the proceeding and who cannot be made parties thereto because of its statutory character. Laurance et al. v. Mitchell, 244 Ala. 678, 15 So. 2d 583.

It is within legislative competence to confer upon said court jurisdiction to determine the title to lands although the judge thereof may not be learned in the law. Section 139, Constitution of 1901 provides: "The judicial power of the state shall be vested in the senate sitting as a court of impeachment, a supreme court, circuit courts, chancery courts, *courts of probate,* such courts of law and equity inferior to the supreme court, and to consist of not more than five members, as the legislature from time to time may establish, and such persons as may be by law invested with powers of a judicial nature; * * *." [Italics supplied.] See also State ex rel. Vandiver v. Burke, Judge, 175 Ala. 561, 57 So. 870.

Under the statutes embodied in the Code of 1940, Title 7, relative to setting apart exemptions to the widow and minor children, the probate court is authorized by decree to invest them with a fee simple title if it be ascertained that the land involved was all the land owned by the decedent at the time of his death. The legislature clearly contemplated that said court should have jurisdiction and power to determine the existence of such title in the decedent at the time of his death and that the court has authority to determine such title as against the heirs who under the statute have a right to contest the setting apart of such exemptions. Coffey v. Joseph and Cox v. Bridges, supra, have been rendered unauthoritative by legislation subsequently enacted and brought into the code.

I am, therefore, of the opinion that the court erred in rejecting the testimony offered by the proponent going to show the invalidity of the deed, and concur in the reversal.