# Culley, *et al. v.* Elford.

*Bill to Confirm Sale and to Divest Title to Land.*

(Decided April 16, 1914.   Rehearing denied May 21, 1914.
65 South. 381.)

1. *Parties; Contingent Interest; Representation.*—One having a charge on an estate will not be delayed in enforcing it because of limitations by way of remainders to persons whom it may be impossible to make parties; it is sufficient to bring before the court those having the vested heritable estate, omitting those claiming remotely and contingently in remainder.   Before the doctrine of representation will operate, the relation between the parties in court and those represented must be such as to afford reasonable assurance of proper defense.

2. *Equity; Jurisdiction; Parties.*—All persons interested in the bill in equity, and whose rights will be directly affected by a decree, are necessary parties, unless they are too numerous and some of them are beyond the reach of process, or are not in being.

3. *Wills; Construction; Contingent and Remote Interest.*—A devise for life with remainder to the issue of the body of the life tenant, with gift over to the third person in case of the death of the life tenant without lineal descendants, creates in such third person more than a mere expectancy, and their interest will be protected in equity.

4. *Life Estate; Sale of Real Estate; Jurisdiction.*—Where an estate is devised to a tenant for life, with remainder to her issue, and a gift over to a third person in the event of the death of the life tenant without lineal descendant, a court of equity will not direct a

[Culley, et al. v. Elford.]

sale. of the real estate to enable the tenant for life to discharge a
lien, and for reinvestment for the benefit of her children, since to do
so would change the title, as well as the identity of the property as
against the third person.

5. *Partition; Right to Compel.*—Partition is a matter of right, and
may be compelled by any tenant having a legal or equitable title and
actual or constructive possession.

, 6. *Same; Parties.*—In a suit for actual partition it is sufficient to
make the present owner or in some cases, the tenant for life of each
share a party; as the interest of those who come after is not other-
wise affected than by being changed from an estate in common to an .
estate in severalty.

7. *Same; Sale; Rights of Remainder.*—A decree for partition by
sale may protect the rights of remaindermen by providing for an
investment of the proceeds according to the interests.

8. *Same; Parties; Remaindermen.*—A decree of partition by sale
is not binding on remainderman in being not joined as parties.

9. *Same; Decree; Rights of Remaindermen Not in Being.*—A de-
cree of partition by sale or division will not cut off remainderman
not then in being from a share in either the land or proceeds when
they come into being.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Catharine D. Edford against Felton T. Culley
and others to confirm a sale of lands to complainant,
and to divest whatever right or title defendants may
have, and for general relief. From a decree granting
relief to complainant, respondents appeal. Reversed,
and judgment rendered dismissing the bill.

It seems that the facts in the case were undisputed.
Lots 9 and 10, block 39, Birmingham, were owned by
Pfaffenschlager (formerly Mrs. Stone) at the time of
her death in 1885. She left three daughters, who were
all living, who are now Mildred G. Sides, Nannie J.
Babb, and Mary D. Culley. Mrs. Stone left a will, which
was properly admitted to probate, wherein the follow-
ing disposition was made of her property:

"Item 1: To each of my daughters Nannie J., Mary
D. and Mildred G. Stone, for and during the terms of
their natural life only to her separate and sole use, and

free from the contracts, debts, liability or disposition of her husband, and from and immediately after her death to the issue of her body, living at the time of her death, share and share alike to them, their heirs and assigns, I give and devise one-third of my plantation, situated near Warsaw in Sumter county, Alabama, containing about 720 acres."

Item 2 devises certain property to the husband during his life, with remainder in the daughters, as in item 1.

Item 3 conveys all other real estate to the three daughters upon the same terms and conditions as expressed in item 1.

Item 4 gives Mildred G. Stone $500, to be paid by the executor out of any personal property owned at the death of testator, and to be in addition to what she receives under the other items of the will. Item 5 gives to the three daughters, subject to the special legacy for Mildred G., ten shares of stock in the Gold Life Insurance Company, Mobile; also the policy for $5,000 in the People's Mutual Relief Association, Mobile.

By a codicil to the will the $500 bequeathed to Mildred Stone was to be expended for education, and, if Mildred refused to receive an education, the legacy was to be forfeited and returned to the estate, to be distributed as otherwise provided. The second item of the codicil gave authority to sell the plantation, and to execute deeds. The third item of the codicil gave to Mildred Stone corner lots 9 and 10, in block 31, Birmingham, Ala.; to Nannie J. Stone, lot 11 in said city; and to Mary G. Culley, lot 12, and this lot being of less value that the other lots devised, and in order to equalize it, in addition to lot 12, Mary Culley is devised the house and lot in Pickensville, Ala.

"Qualifying these devices to my three daughters, I bequeath to each her share above devised for and during

the term of her natural life only, to her sole and sepa-
rate use, and free from the debts, liabilities and con-
tracts or dispositions of their husbands, and from and
immediately after her death to the issue of her body at
the time of her death, to them their assigns and heirs
forever."

Item 4 is as follows:

"Should either of my daughters die without an heir
of her body, it is my will that the property devised to
her by this will shall be equally divided between my
surviving daughters, but should any of them die leav-
ing heirs of their bodies, such heir or heirs shall take
their mother's share to be equally divided among them."

In March, 1910, Mrs. Sides, who then had three chil-
dren, all minors, filed her bill in chancery court, Jeffer-
son county, against these minors and one Daniel Dona-
hue, to whom she had given a mortgage on her life in-
terest, setting up the fact of her ownership of this prop-
erty for life, and alleging improvements of $4,600. The
bill further alleges that it was a favorable time to sell
said property and reinvest the proceeds so that the same
would yield better revenue, and be preserved for the ben-
efit of her children, and any other heirs who might be
living at her death. The bill prayed for a sale for
the purpose of reinvestment, and for the support and
maintenance of the minors.

On the pleadings and proof the court ordered a sale
of the lots owned by Mildren G. Stone, and at the sale
Catharine Elford purchased the lot, which sale was con-
firmed and a deed ordered to be made, and the decree
further provided for the reinvestment of the proceeds
of the sale, and directed that the title to said land in
which the funds should be invested should be taken in
the name of Mildred G. Sides for her life, with remain-
der over to the issue of her body living at her death, and,

should she die without an heir or heirs of her body, then the real estate be equally divided between her two sisters, etc.; it being the purpose of the court to give full force and effect to the will of the mother. At the time of the purchase Mrs. Rabb, one. of the sisters, had only one heir, a daughter over 21 years old, and the other sister Mrs. Culley had six children, four of whom were of age, and two minors. After her purchase of this property at said sale Catharine Elford received a deed from Mrs. Rabb and her daughter and Mrs. Culley and her adult children. This bill was filed against the minor heirs of Mrs. Culley by Mrs. Elford, alleging her purchase of this property at said sale, as well as the fact that she had obtained the deeds above mentioned from all the parties at interest, except the minors, and praying the court to confirm the sale, and to divest out of said minors all right, title, or interest they might have or hereafter acquire in said lot.

F. W. McCARTHY, for appellant. Under the circumstances of this case the chancellor was without authority to change the investment by permitting a sale of the property.—*Crawford v. Creswell*, 55 Ala. 497. The bill in the Side's case was not sufficient to give the court jurisdiction.

EDWARD T. RICE, A. C. & H. R. HOWZE, JAMES A. MITCHELL, HALEY & HALEY, and W. T. HILL, for appellee. The nature of the estate owned by parties was such as to give them the right to have the lands sold as prayed for in the proceedings.—*Acree v. Dabney*, 133 Ala. 437; *Smaw v. Young*, 109 Ala. 528; *Smith v. Smith*, 157 Ala. 79; *Duncan v. DeYampert*, 62 South. 673; *Gindrat v. Wes. Ry.*, 96 Ala. 170; *Kempie v. Coons*, 63 Ala. 748; 37 L. R. A. 728. This being true, the chancery court had

the right and the jurisdiction under the proceedings filed to order a sale of the property should the court conclude that it was to the interest of the remaindermen to have the same sold.—*Hollis v. Watkins,* 61 South. 893; *Fitts v. Craddock,* 144 Ala. 437; *Gassenheimer v. Gassenheimer,* 108 Ala. 651; *McQueen v. Turner,* 91 Ala. 273; *Goodman v. Winter,* 64 Ala. 435. The court could fairly act in the case for the minor appellant.—*Goodman v. Winter, supra; Marks v. Clisby,* 130 Ala. 502. The infant appellants are bound by the decree against the children of Mrs. Side.—98 Am. Dec. 689; 113 U. S. 340; 34 Am. Dec. 363; 13 Gratt. 152; 15 Enc. P. & P. 646.

SAYRE, J.—The pleadings and the facts upon which was based the decree under review will be stated in the report of the case. A fair statement of them in a general way will be found in the brief of the guardian ad litem for appellants.

About the propriety of the decree under which appellee claims, to the extent it affected the rights of the parties to the cause in which it was rendered, we have at this time no concern. To what extent that decree was within the power of the court is not now challenged, and its disposition of the property in question must be respected.—*Goodman v. Winter,* 64 Ala. 410, 38 Am. Rep. 13.

But the decree in that case went further. It purported to cut off and conclude all persons having an interest in the property under the will. It directed, however, that other property should be purchased in lieu of the property devised, and undertook to create in the devisees interests in every respect the same as those limited to them by the devise of the property sold. The bill in this cause seeks to declare the effect of the decree of

sale had in the former proceeding as binding upon the appellant infants, not upon any new consideration now brought into view for the first time, but upon the theory that the court in the former proceeding had jurisdiction to determine, as against the executory devisees and without notice to them, whether a sale for reinvestment should be ordered in consideration alone of the interests of the life tenant and the vested remaindermen. The question then is whether appellants, who were not parties to the proceeding for the sale of the land now held by appellee, are bound by the decree in that case.

Though the court is consistently scrupulous of affecting the interest of persons not before it, there are cases requiring a full and final disposition of the estate in controversy, in which the court, proceeding upon the ground that parties before it virtually represent all property and necessary interests, will undertake by its decree to bind all persons so represented, though they are not, or cannot be, made parties.—Story Eq. Pl. 140-147. It would be "unreasonable and unjust that a party having a charge upon an estate affecting the whole fee should be delayed or embarrassed in enforcing it by reason of limitation by way of remainders to persons whom it might be impossible or improper to make parties to the cause."—*Baylor v. Dejarnette,* 13 Grat. (Va.) 152. Hence in such cases courts of equity have determined, "on grounds of high expediency," that it is sufficient to bring before the court the person having the vested heritable estate, omitting those who may claim remotely and contingently in remainder. But, where the doctrine of virtual representation is allowed to operate, the relation between the parties present and those represented should be such as to afford reasonable assurance of proper defense; and Judge Story says that:

"If a person is in being, claiming under a limitation by way of executory devise, not subject to any preceding vested estate of inheritance by which it may be defeated, he must be made a party to a bill affecting his rights."—*Goddess v. Williams,* 2 Y. & C. 595.

The whole subject may be summed up substantially in the language of the headnote to *McArthur v. Scott,* 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015:

"All persons interested in a suit in equity, and whose rights will be directly affected by the decree, must be made parties, unless they are too numerous, or some of them are beyond the reach of process, or not in being; and in every case there must be such parties before the court as to insure a fair trial of the issue in behalf of all." An elaborate discussion of the subject may be found in our case of *Shackelford v. Bullock,* 34 Ala. 418.

Appellee cites *Duncan v. De Yampert,* 182 Ala. 528, 62 South. 673, to the proposition that, upon the birth of children to Mrs. Sides, the entire estate in remainder vested in them, and hence that appellants can in no event take anything under the will. But the case does not sustain the proposition, for the reason that here testator went a step further than did testator in that case; she provided a further limitation over; she gave a life estate to her daughter, with remainder "to the issue of her daughter's body at the time of her death," and then she provided that, should her daughter die without an heir or heirs of her body, meaning lineal descendants, then over; and appellants claim under this last limitation. Their interest is remote and contingent, and may never, probably will never, come into possession; but it is more than a mere hope or expectancy; it has an existing legal foundation in the will, and is an interest for the protection of which the powers of the chancery court may be invoked.—3 Pom. Eq. Jur. § 1286.

[Culley, et al. v. Elford.]

Appellee refers to some of our cases on the subject of partition. They do not reach the question at issue. Partition is a matter of right, and may be compelled by any cotenant having legal or equitable title and actual or constructive possession. "In the case of a strict partition, by division of the land itself, it is sufficient to make the present owner, or, in some cases, the tenant for life of each share, a party, because the interest of those who come after him is not otherwise affected than by being changed from an estate in common to an estate in severalty."—*McArthur v. Scott, supra.* In the *case of a partition by a sale of the land, the rights of* remaindermen may be secured by an investment of the proceeds according to their interests.—*Mead v. Mitchell,* 17 N. Y. 210, 72 Am. Dec. 455. But the decree will not bind remaindermen in existence, unless they have been joined as parties.—*Freeman on Coten.* § 463. Nor will a decree in either kind cut off remaindermen not then in esse from a share in either land or proceeds when they come into being.—*Monarque v. Monarque,* 80 N. Y. 320; *Downin v. Sprecher,* 35 Md. 474.

Here the case is different. The proceeding under which appellant claims was not for partition in any kind. It was for a sale to enable the life tenant to discharge a lien which she, to the extent of her interest, had fastened upon the property, and for reinvestment for the benefit of her children, the first remaindermen. It properly invoked jurisdiction only in so far as it sought a reinvestment of the interest of the infants.— *Gassenheimer v. Gassenheimer,* 108 Ala. 652, 18 South. 520. Here the will is the law of the estate, and all interests created by it must be respected and preserved. While it is not necessary to deny the court might have changed the investment to meet the necessities of the infants, proceeding with all interests before it, we think

there was no power to charge the entire title with the incumbrance created by the life tenant not to change the identity of the property devised as against these appellants in their absence.

Possibly appellee might have some relief from the situation in which she has placed herself by a bill asking the court to elect for the infant defendants whether they will stand by their interest in the property devised or take a like interest in the substituted property. The bill in its present shape, however, cannot be sustained as a bill for that purpose, nor was any evidence taken to enlighten the court as to where the interest of the infant defendants lay or what the election for them should be. The decree in this case will not be taken to prejudice such a bill if filed.

The decree below will be reversed, and a decree here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and DE GRAFFEN-RIED, JJ., concur.