(108 So. 850)

**McCRAW v. COOPER.** (7 Div. 605.)

(Supreme Court of Alabama. March 25, 1926. Rehearing Denied June 24, 1926.)

I. **Executors and administrators** ☞473, 474 (I).

Administration cannot be removed to equity court on distributee's petition, under Code 1923, § 6478, after probate court has taken jurisdiction for final settlement.

2. **Executors and administrators** ☞473, 474 (I).

Probate court's concurrent jurisdiction to settle estate, having attached, will not be disturbed by equity court without special equity in bill for removal of administration.

3. **Executors and administrators** ☞473, 474 (5).

Order removing administration to equity court solely on distributee's petition, under Code 1923, § 6478, after probate court has taken jurisdiction for final settlement, is improvidently granted, and may be vacated on motion.

4. **Executors and administrators** ☞473, 474 (5).

In considering motion to vacate order removing administration from probate to equity court, entire bill should be considered, and dismissed for want of equity after proper hearing, where sole object was to obtain settlement in equity.

5. **Executors and administrators** ☞473, 474 (5).

On hearing of motion to vacate order removing administration from probate to equity court, bill for removal may be amended.

6. **Executors and administrators** ☞473, 474 (I).

Administration of estate cannot be split up and concurrent proceedings had in two courts at same time.

---

**7. Appeal and error ⬤ 193(1).**

Equity of bill to remove administration from probate to equity court is not presented for review, in absence of ruling on demurrer or other test.

Appeal from Circuit Court, Calhoun County; R. B. Carr, Judge.

Bill in equity by Frank McCraw against D. C. Cooper, as administrator of the estate of Roberta E. Cooper, deceased. From an order vacating an order removing the administration from the probate court to the equity court, complainant appeals. Reversed, rendered, and remanded.

Willett & Willett, of Anniston, for appellant.

The administration of the estate could be removed into the court of equity, even though the probate court had entered upon final settlement, since the bill for removal sets up a special equity. Ex parte McLendon, 212 Ala. 403, 102 So. 696; Rensford v. Magnus & Co., 150 Ala. 288, 43 So. 853.

Knox, Acker, Sterne & Liles, of Anniston, for appellee.

Jurisdiction of the probate court will not be ousted where that court has actually entered upon exercise of jurisdiction for final settlement. Ex parte McLendon, 212 Ala. 403, 102 So. 696.

BOULDIN, J. A bill in equity was filed by a distributee of an estate against the administrator for the removal of the administration from the probate court and for final settlement in the court of equity. Incorporated in the bill as a part thereof was a sworn petition for removal of the administration pursuant to Code, § 6478. An order of removal was, upon the filing of the bill, entered in the equity court. Thereafter a motion was made to vacate the order of removal upon the ground that at the time the bill was filed the proceedings for final settlement were pending in the probate court, and that court had taken jurisdiction of the final settlement. This motion was granted, and the register ordered to return the probate court file to the judge of that court. From this order the appeal is taken.

[1, 2] A removal of the administration at the mere election of the distributee, upon a statutory petition, cannot be had after the probate court has taken jurisdiction for final settlement. The jurisdiction of a court of concurrent powers, having attached, will not be disturbed by the equity court without some special equity set up in the bill for removal.

[3] An order of removal in such case upon the statutory petition alone is improvidently granted and may be vacated on motion. Ex parte McLendon, 212 Ala. 403, 102 So. 696; 21 C. J. 122, note a (5).

[4, 5] But here the bill, by numerous averments, seeks to set up special grounds for interposition in equity. The bill was not dismissed, nor its equity determined. In dealing with the motion to vacate and remove the administration to the probate court, the entire bill should have been considered. Where the sole object of the bill is to obtain a settlement of the administration in equity, the order of removal should not be vacated without dismissing the bill, after proper hearing, for want of equity. On such hearing the right of amendment obtains.

[6] The administration of an estate cannot be split up and concurrent proceedings relating thereto be had, in two courts at the same time. Kimball v. Cunningham Hardware Co., 197 Ala. 631, 636, 73 So. 323; Baker v. Mitchell, 109 Ala. 490, 20 So. 40.

[7] No ruling being made on the demurrer filed, nor otherwise testing the equity of the bill, that question is not before us for review. The order vacating the order of removal is reversed; one is here rendered vacating the latter order, thereby reinstating the order of removal to the equity court. The cause is remanded.

Reversed, rendered, and remanded.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.