(133 So. 21)

## ANNISTON NAT. BANK v. WILSON.

### 7 Div. 999.

Supreme Court of Alabama.

March 12, 1931.

Knox, Acker, Sterne & Liles, of Anniston, for appellant.

Harrison & Stringer, of Talladega, for appellee.

SAYRE, J.

Bill by appellee to foreclose a mortgage executed by the Woodstock Cotton Mills. Appellant, Anniston National Bank, had been appointed trustee for the uses and purposes of the mortgage instrument, viz., to secure appellant and other creditors of the cotton mills in the payment of their debts. According to the bill the mortgage bonds, representing the indebtednesses due to all other creditors—not including, however, the bonds held and owned by the bank—had passed into the ownership of appellee who had succeeded the bank as trustee for the mortgage bond holders. Appellant bank was made a party defendant along with the Woodstock Cotton Mills, the Choccolocco Mills—averred to own a small claim for insurance paid by appellee and transferred to it. Appellant's demurrer was overruled, after which this appeal.

Appellant complains that it is improperly joined as a party defendant.

The authorities generally hold that, where a mortgage or deed of trust is made to secure creditors, it is necessary that the beneficiaries as well as the trustee should be made parties to a bill for foreclosure. 42 Corpus Juris, 45. In McArthur v. Scott, 113 U. S. 340, 5 S. Ct. 652, 28 L. Ed. 1015, the general rule of such cases is stated as follows: "All persons interested in a suit in equity, and whose rights will be directly affected by the decree, must be made parties to the suit, unless they are too numerous, or some of them are out of the jurisdiction, or not in being; and in every case there must be such parties before the court as to insure a fair trial of the issue in behalf of all." This statement of the rule was adopted by this court in Culley v. Elford, 187 Ala. 172, 65 So. 381, where reference was made to Shackelford v. Bullock, 34 Ala. 418,

464

in which the general rule that all persons interested must be parties to a suit in chancery is stated to have an exception founded on the doctrine of representation. But our reference to that doctrine is made out of abundance of caution merely. There is no question of representation here involved, and our judgment is that the bank is properly joined as a party defendant.

■ Another consideration conducing the same result arises out of the averment of the bill that after the execution of the mortgage deed of trust, executed to secure creditors of the Woodstock Mills, all such creditors entered into an agreement by the terms of which they agreed that one of them, the Calwood Corporation, was to make certain advances to the mortgagor in consideration of which it was to have priority over other creditors. Such advances are alleged to have been made, and appellee, complainant, Wilson, purchased the preferred claim of that corporation. This claim of preference, if there were nothing else, would establish the necessity for the presence of the Bank of Anniston as a party defendant to this cause.

■ The bill of complaint exhibits the original mortgage or deed of trust under which complainant claims, and, as for notices averred to have been given, they or their substance are set out in the bill and its exhibits. There was no error in that ruling of the court against assignment 9 of the demurrer. Nor do the authorities cited in that connection shed any unfavorable light upon the decree under review.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.