177 So. 629

## TATUM v. WILLIAMS.
### 4 Div. 985.

Supreme Court of Alabama.
Dec. 16, 1937.

L. A. Farmer, of Dothan, for appellant.

Speight & Tiller, of Dothan, for appellee.

BROWN, Justice.

This appeal is by an heir at law and distributee of the estate of W. H. Williams, deceased, from the decree of the probate court overruling appellant's exceptions to the report of the commissioners appointed as authorized by section 7931 of the Code, 1923, setting off the homestead and other exemptions to the widow in the course of the administration of the estate.

■ The first point presented is in respect to the form of the oath taken by the commissioners before proceedings to set off the exemptions. The record shows that the form used was that prepared for use when the oath was administered by the judge of probate, and the notary who administered the oath did not correct the form so as to show that she acted as such notary. The insistence is that this was a noncompliance with section 7953 of the Code, which provides that, "Commissioners appointed to allot or set apart homestead or other exemptions under this chapter must be disinterested householders or freeholders of the county, and before executing their commission, must be sworn by some officer authorized to administer oaths, or by one of themselves, to faithfully discharge the duties for which they were appointed," and this rendered the proceedings void.

The proceedings in the instant case being ancillary to the administration of the estate, the record discloses, at most an irregularity, and the objection not being taken in the probate court, it cannot be raised on appeal for the first time. Cogburn et al. v. Callier et al., 213 Ala. 46, 104 So. 330.

■ The remaining contention is that decedent, at the time he entered into the marriage with appellee, was insane; that said marriage was void; hence, appellee is not the widow of the decedent. This presents a question of fact on which the evidence is voluminous and conflicting.

The evidence is without dispute that said decedent and appellee entered into a ceremonial marriage on November 7, 1929, that they lived together continuously from that date, as husband and wife, up until his death in 1932, and through these years they were congenial and apparently happy. He was a practicing physician and she was a trained nurse. There is evidence going

to show that he had hallucinations about being persecuted.

After careful and mature consideration, we are in agreement with the finding and conclusion of the probate court, with the result that the decree appealed from will be affirmed.

We do not wish to be understood as holding that said ceremonial marriage is subject to a collateral attack in the probate court on a contest of exemptions claimed by the widow.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.