13 So.2d 761

### LITTLE et al. v. BURGESS et al.

#### 8 Div. 228.

Supreme Court of Alabama.

May 20, 1943.

Rehearing Denied June 10, 1943.

Horace C. Wilkinson, of Birmingham, for appellants.

A. A. Williams, of Florence, for appellees.

BROWN, Justice.

This appeal is from the final decree of the Circuit Court of Franklin County sitting in Equity, adjudging and decreeing that Irene Burgess is the lawful widow of Andrew Jackson Burgess, deceased, and that Andrew Jackson Burgess, Jr., Archie H. Burgess, Irene Burgess Dunlap and Harold W. Burgess are the children and legal heirs at law of Andrew Jackson Burgess, deceased, and entitled to receive and enjoy his estate.

The bill was filed by the parties named against Agnes Little individually and as the administratrix of the estate of said Burgess and others, to remove the administration of the estate of said Burgess, deceased, from the probate court into the circuit court for further administration. On the filing of the bill an order was entered by the court removing said administration as prayed.

Thereafter a demurrer was filed to the bill by the defendants, questioning its equity and the right of the complainants to the relief prayed for on the facts alleged in the bill. The demurrer was overruled and from the decree of the court overruling the demurrer the defendants prosecuted an appeal. The equity of the bill was settled and the decree affirmed by this court. Little et al. v. Burgess et al., 240 Ala. 552, 200 So. 566. Thereafter the defendants answered, making their answer a cross bill, and on final submission on pleading and proof, the court entered the decree as above indicated.

The question now presented is purely one of fact—whether or not the evidence in the case justified the finding and conclusion stated in the decree.

The testimony is voluminous and conflicting. No rulings on objections to evidence were invoked as required by the prevailing practice in equity cases. Sumner et al. v. Caldwell, ante, p. 149, 12 So.2d 391. In the circumstances we refrain from discussion of the sordid details developed in the evidence, and confine ourselves to a statement of its high lights. Code 1940, T. 13, § 66; Beasley v. Ross, 234 Ala. 335, 174 So. 764.

The evidence is without dispute that at the inception of the relation between Irene Blanton and Andrew Jackson Burgess, now deceased, no obstacles existed affecting their right to intermarry. There is evidence going to show that they became engaged to marry after Irene moved away from Russellville to Florence, and her testimony tends to show a ceremonial marriage consummated in the State of Indiana.

Whether or not that ceremony was bogus and fraudulent on the part of Burgess to induce her to submit to sexual relations is wholly immaterial, if she acted in good faith. Farley v. Farley, 94 Ala. 501, 10 So. 646, 33 Am.St.Rep. 141.

After the alleged marriage and consummation thereof by sexual intercourse, the parties returned to Alabama and continued their relation. From that day forward she claimed to be the wife of said Burgess, and was known in every community where she lived as "Mrs. Burgess", and said Burgess visited and cohabited with her through a period of forty years. They raised a family of four children, having had five, one of whom died in early youth. These children, according to the evidence, were supported by Burgess, took his name, called him "Daddy", matriculated in the public schools in that name, married in that name and still retain it. The complainant Mrs. Burgess was recognized by said Burgess as his wife by letters and telegrams addressed to her in the name of Irene Burgess through the years. And he supported her and aided her in the support of the children. He acknowledged to her brother that he was her husband and her family accepted him as such. She transacted business and maintained a home, as Mrs. Burgess, and he availed himself of it and its comforts as her husband. She was sued in the courts by her brother as Mrs. Burgess and the court decreed against her in that name. She executed a deed to property which she owned in that name as a married woman, and said Burgess joined in the deed as her husband using the initials "J. C." He was generally known as "Jack Burgess."

Our judgment is that the weight of the evidence supports the conclusion stated in the decree of the circuit court and that it is due to be affirmed. Prince v. Edwards, 175 Ala. 532, 57 So. 714.

Gilbreath et al. v. Lewis et al., 242 Ala. 510, 7 So.2d 485, relied upon by appellees, is easily differentiated. In that case Dicie King was never known or called by the name of Gilbreath. There was no evidence of a ceremonial marriage. The children of Dicie King were begotten by Gilbreath before he went away to California and it was not claimed nor asserted that the common law marriage was consummated until after his return from California five years later. The children in that case attended the schools in Guntersville under the name of Grizzle, whom Dicie married after Gilbreath went away.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.