16 So.2d 859

**JACOBS v. MURPHY.**

**8 Div. 267.**

Supreme Court of Alabama.

Feb. 24, 1944.

H. T. Foster, of Scottsboro, and A. E. Hawkins, of Fort Payne, for appellee.

Brown, Scott & Dawson and Proctor & Snodgrass, all of Scottsboro, for appellant.

FOSTER, Justice.

This is a bill in equity to remove the administration of the estate of West Murphy into that court and to have complainant declared to be his widow, and to have her children declared to be his sole heirs and distributees, and to have the homestead and personal exemptions set off to her as such. It alleges that she was his widow by marriage under their mutual consent and agreement entered into about April 1, 1894, and that thereafter they lived together as man and wife and six children were born to them, three of whom died prior to the death of West Murphy, and the other three are over twenty-one years of age. The administrator of the estate was the only party respondent. The court made an order removing the administration of the estate to the circuit court, in equity. The demurrer raises the question of the necessity of making parties his collateral kin who are named in the petition for letters as his heirs. The bill alleges that the administrator named his brothers and sisters and descendants of his brothers and sisters as his sole heirs. It does not state their names and ages. The court overruled the demurrer. The administrator then answered the bill as amended, denying that complainant was the widow of deceased.

There was much evidence and·on it the court decreed that she was his common law wife as alleged, and entitled to a widow's interest, and ordered appraisers to set apart such interest to her.

It contains the following recital: "And it further appears that the next of kin of West Murphy although not actually respondents in this cause, were represented

by counsel at the taking of testimony." This statement is challenged in brief as finding no support in the record, that it is gratuitous, and is not controlling in determining the necessity of such persons as parties.

■ It is apparent that the real issue in the case is whether the complainant was the common law wife of decedent. If she was not, she cannot in the first place cause a removal of the estate into equity. Section 139, Title 13, Code of 1940, confers such right upon the petition of any person entitled to share in the distribution of the estate verified by affidavit, and containing the other statutory allegations, and no notice to adverse parties is necessary. Little v. Burgess, 240 Ala. 552, 200 So. 566; Id., 244 Ala. 447, 13 So.2d 761. The bill contains the statutory allegations and is sworn to.

So that to the extent that it challenges the order removing the cause into equity the demurrer is not well taken. Little v. Burgess, supra. In the Burgess case a motion was made to expunge the order, but in acting on it no question of fact was passed on. Probably the appropriate way to reach that issue in a preliminary proceeding would be a motion to vacate the order of removal and to retransfer the administration to the probate court, alleging that petitioner was not interested in the estate as she claims. And on that motion, the question of fact could be tried. See, McCraw v. Cooper, 215 Ala. 51, 108 So. 850. That course was not pursued in any respect. The demurrer treats the allegations of the bill as true. It is not only a petition to remove the administration, but seeks to have homestead rights of the widow set off to her, and to have her and her children declared to be the sole heirs and distributees of decedent. And this was done by the final decree.

■ The question raised by the demurrer is whether the bill is sufficient as one by the alleged widow seeking a declaratory judgment and showing that there are those who claim to be heirs at law and whose interests are adverse to her and to her children, and would be directly affected by the decree, but are not made parties to the bill. The bill seeks in effect to have them excluded from participating as heirs, by having complainant and her children declared to be the sole heirs and distributees of the estate. Those allegations make a justiciable issue for a declaratory judgment between her and her children on one hand, with the brothers and sisters or their descendants on the other. The trial court found and decreed for complainant, the effect of which is to cut off the collateral kin, without an opportunity to be heard.

On the other hand, a ruling favorable to the administrator would purport to cut off complainant's children as heirs without giving them an opportunity to be heard. All interested persons were made parties in the case of Little v. Burgess, supra. In that aspect of the bill the collateral kin and complainant's children are all alike necessary parties.

■ It is claimed that, insofar as it seeks to have the homestead set apart to the alleged widow, it is not necessary to make the collateral kin parties because by section 138, Title 13, Code of 1940, the circuit court thus administering an estate "may, in its discretion, proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court," and that a petition in the probate court by a widow under section 674, Title 7, Code of 1940, may be primarily heard without any notice to the heirs; and that therefore the circuit court may in its discretion do likewise. Those and the succeeding statutes do not contemplate that an issue of fact in any respect shall be heard and determined, whereby the status of the parties shall be determined without a hearing on that question. Section 677, Title 7, Code of 1940, requires notice to the next of kin of decedent, and section 678, Title 7, Code of 1940, provides for an issue to be made up and tried as other issues in that court are tried. The case of Tatum v. Williams, 235 Ala. 114, 177 So. 629, involved the invalidity of a ceremonial and registered marriage on account of insanity of the husband, tried on a contest of the report of the appraisers making that issue. The Court affirmed a finding of sanity, but reserved its approval of the trial of such an issue in that proceeding.

There are many collateral questions which the probate court cannot determine in such a proceeding. Laurance v. Mitchell, 244 Ala. 678, 15 So.2d 583; Cassady v. Davis, Ala.Sup., 15 So.2d 909.[1] But conceding that it is within the competence of

---

[1] Ante, p. 93.

the probate court, it would only be exercised upon an issue made up and heard wherein all interested parties had legal notice. And that is emphatically true in a court of equity. The effect of the provisions of section 138, Title 13, Code of 1940, was stated in Anderson v. Steiner, 217 Ala. 85, 115 So. 4, 6, as follows: (the equity court) "exercises the jurisdiction thus acquired, including the substantive law governing the administration of estates in the probate court, but is unhampered by the rules of practice and procedure obtaining in the probate court * * * and moves in its own way to effectuate equity in all respects possible at the time."

■ The bill here in equity did not seek to pursue the practice set out for the probate court in section 674, et seq., Title 7, Code of 1940; and no such proceeding was ordered by the court until after there was made a final declaration by decree that complainant is the widow and entitled to the exemption. On a mere petition in equity after its removal, the court would not pass on the contested question of whether petitioner was the widow of deceased, and entitled to the exemption, unless an issue is made up in that respect by the alleged next of kin adversely interested, and they would be given that opportunity. The administrator does not belong to the class of collateral kin who are thus interested. There is no showing that they are numerous, and that it would be impractical to bring them all before the court, and that they are virtually represented by others in their class who are parties. See, section 128, Code 1940, Tit. 7, Rules 30 and 31, Chancery practice, Title 7 Appendix, Code of 1940; Culley v. Elford, 187 Ala. 165, 65 So. 381; Ussery v. Darrow, 238 Ala. 67 (7), 188 So. 885; 30 Amer.Jur. 962, section 228.

■ This Court has adopted the principle thus stated: "All persons interested in a suit in equity, and whose rights will be directly affected by the decree, must be made parties, unless they are too numerous, or some of them are beyond the reach of process, or not in being; and in every case there must be such parties before the court as to insure a fair trial of the issue in behalf of all." Culley v. Elford, supra [187 Ala. 165, 65 So. 383]; McArthur v. Scott, 113 U.S. 340, 5 S.Ct. 652, 28 L.Ed. 1015. This principle requires the presence of beneficiaries as parties, or duly represented, in a suit in equity by a trustee. Anniston National Bank v. Wilson, 222 Ala. 463, 133 So. 21.

■ In all suits in equity respecting the lands of decedent his heirs at law are necessary parties. The administrator is also a proper party. Carwile v. Crump, 165 Ala. 206, 51 So. 744.

The final decree declares complainant to be the widow of decedent and entitled to have the homestead exemption and personal exemption set aside to her, and ordered the register to appoint three appraisers to set aside to her a homestead out of certain described land and to appraise and set aside a personal exemption; that upon filing such report by the appraisers the register is ordered to set a date for hearing it, and give ten days' notice to the administrator and next of kin, who shall have a right to offer such testimony as shall shed light on the report of the appraisers.

But the court had decreed that complainant is the widow of decedent by common law marriage, and expresses the opinion that her children are his children. They are therefore his next of kin. But a proper interpretation of it is that it does not include the collateral kin, since by the decree they are not the next of kin. So that the decree does not authorize the collateral kin to make contest of any sort. But even if they are to be thus notified, the real controverted question has been decided, and is not left for a contest by them.

The matter of setting apart the exemption here is but supplementary to the declaratory feature of the decree that complainant is the widow.

■■ The statement in the decree that the collateral kin (if that is what is there meant by the "next of kin") were represented by counsel at the taking of testimony does not serve to bar them from asserting their claim to be next of kin. There is a rule by which one is concluded by a judgment as res judicata on account of certain forms of activity in respect to the trial and its proceedings, though he is not a party nor in privity with a party to the suit. 30 Amer.Jur. 960, section 227; Litchfield v. Crane, 123 U.S. 549, 8 S.Ct. 210, 31 L.Ed. 199. But whether that situation exists, is a justiciable question on which the interested parties likewise have a right to be heard. No such course was here pursued. Moreover, it does not generally result merely from having counsel employed who participate in the taking of the testimony.

On the other hand, if this Court should reverse the finding and hold that complainant was not the common law wife of decedent, and not his widow, and that her children are not his sole heirs and distributees, and enter a judgment accordingly, that decree would not prevent such children who are of full age from taking appropriate action to establish that claim. If they should then succeed, the impossible status would follow that they are his lawful children, but their mother was not and had never been his lawful wife, and was not his widow, since there is no claim of a divorce.

So that any decree which would now be rendered making declaration as to who are the next of kin would be inconclusive.

The demurrer was due to be sustained.

A decree is here rendered sustaining the demurrer which annuls the final decree in whole.

Reversed, rendered and remanded with leave to amend.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

