824 So.2d 700 (2001)
Ex parte Mary Edwards McLENDON.
(Re In re The estate of James Homer Edwards, deceased.)
1002026.
Supreme Court of Alabama.
December 14, 2001.
*701 Raymond L. Jackson, Jr., of Jackson Law Offices, P.C., Auburn, for petitioner.
Wayne T. Johnson, Phenix City, for respondent Patricia Barfield, as administratrix of the estate of James Homer Edwards, deceased.
Albert Howard, probate judge, pro se.
WOODALL, Justice.
Mary Edwards McLendon petitions this Court for a writ of mandamus, directing Probate Judge Albert Howard to transfer this action to the Russell Circuit Court and to desist from exercising further jurisdiction in the matter of the estate of James Homer Edwards, deceased. She also petitions for a writ of mandamus directing Judge Albert L. Johnson to vacate his order denying McLendon's petition for removal of the cause from the Russell Probate Court to the Russell Circuit Court. We grant the petition.
This dispute began on May 15, 2001, when the Russell Probate Court issued letters of administration to Patricia A. Barfield, as administratrix of the estate of James Homer Edwards, who, it was believed, had died intestate. On July 11, 2001, John David Edwards, a nephew of the deceased, offered for probate in the Russell Probate Court a document purporting to be the last will and testament of James Homer Edwards.
On July 16, 2001, McLendon filed three documents. In the probate court, she filed a complaint contesting the will. In her complaint, she alleged that she "is the sister of the decedent and would stand to inherit as an heir of the estate under the laws governing intestate succession in the State of Alabama." In that court, she also filed a petition, pursuant to Ala.Code 1975, § 43-8-198, seeking an order transferring the will contest to the Russell Circuit Court. In the circuit court, she filed a *702 verified "Petition for Removal of Estate from Probate Court." In the latter petition, she asserted that she "is the sister of the deceased and an heir entitled to seek removal."
On July 13, 2001, the probate court entered an order, taking "judicial notice that an administration of the Estate of James Homer Edwards, Deceased, has commenced, wherein a natural child of the deceased is alleged to be the heir, and, [that], under the intestate law of succession..., a sister has no intestate interest in the estate of a sibling." The court further stated that "the status of the natural daughter is at issue as an heir," and that "[s]uch status will not be presumed away." It also scheduled a hearing for July 30, 2001, "to determine the heirs of James Homer Edwards."
At the July 30 hearing, McLendon unsuccessfully argued that, as a consequence of her removal petition, the probate court lacked jurisdiction to determine whether she was an heir under the law of intestate succession, and that the entire matter must be transferred to the circuit court. In an order dated July 31, 2001, the probate court, continuing to exercise jurisdiction over the matter, scheduled a second hearing for August 28, 2001, for the purpose of determining the heirs of the estate. It also scheduled a hearing on September 19, 2001, to determine whether to probate the will.
On August 14, 2001, McLendon filed in the circuit court a "Renewed Motion to Transfer Probate Matter to the Circuit Court; Emergency Motion to Stay Proceedings in Probate Court; and/or Petition for Writ of Prohibition or Writ of Mandamus." With that motion, she filed her own affidavit, setting forth in detail the familial relationships of the various persons implicated in the will contest. Specifically, she stated:
"3. My deceased brother James Homer Edwards had one biological daughter[,] Jamie Edwards. My deceased brother did not have any other children. In 1982, Jamie Edwards was adopted in Illinois by Linda Edwards Harrelson and her husband John Harrelson....
"4. As one of James Homer Edward's surviving siblings, I am an heir of James Homer Edwards pursuant to the intestacy laws of Alabama. Because of the adoption, Jamie Edwards is not an heir of her deceased father."
On August 21, 2001, the circuit court entered the following order: "It is hereby Ordered, Adjudged, and Decreed that this cause be and is hereby stayed pending the Probate Court['s] determining the heirs in [the] will contest filed [in] In Re: the Estate of James Homer Edwards, deceased." Thus, in effect, the circuit court denied McLendon's removal petition. McLendon then petitioned this Court for a writ of mandamus directing the circuit judge to vacate that order, and to order, instead, the removal of the administration of the estate to the circuit court. She also sought a writ of mandamus directing the probate judge to transfer the will contest to the circuit court.[1]
"[A] writ of mandamus is an extraordinary remedy, which requires the petitioner to demonstrate a clear, legal right to the relief sought, or an abuse of discretion." Ex parte Palm Harbor Homes, Inc., 798 So.2d 656, 660 (Ala.2001). See also Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989). McLendon bases her argument that she has a "clear, legal right" to removal of the proceedings on two statutes *703 Ala. Code 1975, § 12-11-41 and § 43-8-198.
Section 12-11-41 provides, in pertinent part:
"The administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof, by any heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, without assigning any special equity; and an order of removal must be made by the court, upon the filing of a sworn petition by any such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed of any such estate, reciting that the petitioner is such heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed and that, in the opinion of the petitioner, such estate can be better administered in the circuit court than in the probate court."
(Emphasis added.) Section 43-8-198, part of Division 3 of Article 7 of the Probate Code, which governs will contests, provides, in pertinent part:
"Upon the demand of any party to the contest,[[2]] made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the case shall be docketed by the clerk of the circuit court and a special session of said court may be called for the trial of said contest or, said contest may be tried by said circuit court at any special or regular session of said court."
(Emphasis added.)
McLendon contends that both statutes "create[] mandatory and exclusive jurisdiction [of a will contest] in the circuit court." (Brief of Petitioner, at 12.) We agree that both sections require removal to the circuit court upon the timely demand of a party with standing to invoke the sections. It was on the basis of standing that the probate court denied McLendon's transfer petition. Specifically, in his July 31, 2001, rescheduling order, the probate judge indicated that the denial of McLendon's petition involved "the issue of who are the heirs with standing to contest the probate of the will [and to] to remove the will contest to the circuit court." In other words, the probate court concluded that whether McLendon was an heir with the consequent standing to remove the proceedings to the circuit court was a threshold determination to be made in the probate court. We disagree with that conclusion.
Instructive on this issue is Jacobs v. Murphy, 245 Ala. 260, 16 So.2d 859 (1944), which involved a discussion of Ala.Code 1940, Tit. 13, § 139, the predecessor statute of § 12-11-41. That case arose out of the administration by H.G. Jacobs of the estate of West Murphy. Della Murphy had filed a bill in equity in the Jackson Circuit Court to remove the administration of Murphy's estate from the Jackson Probate Court. 245 Ala. at 261, 16 So.2d at 860. She sought a decree declaring that she was the widow of West Murphy, and that she was, therefore, entitled to "have the homestead and personal exemptions set off to her." Id. She also sought "to have her children declared to be [the] sole heirs and distributees." Id.
*704 Jacobs demurred to, among other things, the removal. The circuit court overruled the demurrer, removed the administration, and decided the case on the merits, holding in favor of Murphy. 245 Ala. at 262, 16 So.2d at 861. Jacobs appealed.
On appeal, this Court first addressed that aspect of the demurrer challenging removal. The Court said: "It is apparent that the real issue in the case is whether [Murphy] was the common law wife of [the] decedent. If she was not, she cannot in the first place cause a removal of the estate [to the circuit court]." 245 Ala. at 262, 16 So.2d at 861. "The matter of setting apart the exemption here is but supplementary to the declaratory feature of the decree that [Murphy] is the widow." 245 Ala. at 263, 16 So.2d at 862. The Court noted that the statute "confers [the right of removal] upon the petition of any person entitled to share in the distribution of the estate verified by affidavit, and containing the other statutory allegations." 245 Ala. at 262, 16 So.2d at 861. Consequently, it concluded, "to the extent that it challenge[d] the order removing the cause [to circuit court] the demurrer [was] not well taken." Id. The Court explained:
"Probably the appropriate way to reach [the standing] issue in a preliminary proceeding would be a motion to vacate the order of removal and to retransfer the administration to the probate court, alleging that petitioner was not interested in the estate as she claims. And on that motion, the question of fact could be tried [in the circuit court]."
245 Ala. at 262, 16 So.2d at 861 (emphasis added).
This explanation informs our opinion in this case. To be sure, the demurrer under review in Jacobs "treat[ed] the allegations of the bill as true." 245 Ala. at 262, 16 So.2d at 861. That is not the case here, where the allegation that McLendon is an heir of Edwards's estate is controverted. There are, nevertheless, sound reasons for using in this case the procedure outlined in Jacobs.
Here, as in Jacobs, whether the party seeking removal is an heir, and, therefore, entitled to effect removal in the first place, is the ultimate issue in the case. To allow the probate court to decide that issue as a threshold matter would eviscerate § 12-11-41. In other words, it would effectively deny the party seeking removal the right conferred by statute to have her status determined by the circuit court. We hold, therefore, that once a party seeking to remove the administration of an estate pursuant to § 12-11-41 makes a prima facie showing that she is an "heir, devisee, legatee, distributee, executor, administrator or administrator with the will annexed,"[3] the circuit court must order its removal, subject to retransfer upon a motion by the opponent of the transfer, and a finding by the circuit court that the party effecting removal lacked standing under the statute. See McCraw v. Cooper, 215 Ala. 51, 52, 108 So. 850, 850 (1926) ("[a]n order of removal ... may be vacated on motion"); Ex parte McLendon, 212 Ala. 403, 405, 102 So. 696, 698 (1924) ("if in fact the petition is presented by one claiming to be a party in interest named in the statute, when in fact the petitioner had no such interest, it could hardly be contended the order of removal would ... require the [circuit court] to proceed to administer the estate"). McLendon is, therefore, entitled to the writ of mandamus directing the circuit judge to vacate *705 his order of August 21, 2001, and to order immediately the removal of the administration of the estate to the circuit court.
The probate court, considering a demand by a will contestant for a transfer to the circuit court pursuant to § 43-8-198 must act similarly. Specifically, once a will contestant seeking to remove the contest pursuant to § 43-8-198 makes a prima facie showing that he or she is a person described in § 43-8-190 as one "interested therein," the probate court "must enter an order transferring the contest to the circuit court," § 43-8-198 (emphasis added), subject to retransfer upon a motion by an opponent of the transfer and a finding by the circuit court that the party demanding the transfer lacked standing under the statute. McLendon is, therefore, also entitled to a writ of mandamus directing the probate judge to immediately transfer the will contest to the circuit court.
PETITION GRANTED; WRITS ISSUED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
NOTES
[1] She also petitioned, in the alternative, for a writ of prohibition, directing the probate court to refrain from "making any determination as to the merits of this case."
[2] Those persons who are entitled to contest a will are defined in Ala.Code 1975, § 43-8-190, as "any person interested therein, or ... any person, who, if the testator had died intestate, would have been an heir or distributee of his estate...."
[3] Of course, a removal petition must also comply with the other requirements of § 12-11-41, which are not involved in this case.