LYONS, Justice.
Monroe M. Thomas, the sole surviving sibling of John M. Thomas, removed to the Houston Circuit Court proceedings concerning the administration of the conserva-torship estate of John Thomas arising from the appointment of Lynda Flowers as conservator of John Thomas’s estate. *151 John Thomas was incapacitated and suffering from a terminal illness. He died intestate one week after Flowers was appointed as conservator. (John Thomas will sometimes be referred to hereinafter as “the decedent.”)

Facts

On October 4, 2000, the Houston County Probate Court granted Flowers’s petition to serve as conservator of John Thomas’s estate. At that time John Thomas was an incapacitated person suffering from a terminal illness. On October 6, Flowers, in accordance with an order of the probate court, took into the conservatorship joint checking accounts and certificates of deposit totaling approximately $806,606 held with the right of survivorship in the names of John Thomas and Monroe Thomas. Flowers also claims to have seized $277,705.22 from a revocable trust established by the decedent; Monroe Thomas was the named beneficiary to whom the trust proceeds were payable on the decedent’s death. Flowers also took into the conservatorship certificates of deposit in the decedent’s name alone totaling $300,000. On the same day, October 6, 2000, Flowers wrote herself a check in the amount of $34,607.78 from the conservator-ship funds as an anticipated fee for serving as conservator.
The decedent died intestate on October 11, 2000, just one week after Flowers had been appointed conservator. Flowers then petitioned for final settlement of the conservatorship. Thomas objected to this final settlement on December 8, 2000, claiming ownership of the joint accounts and certificates of deposit by right of sur-vivorship. On January 11, 2001, after a hearing, the probate court terminated the conservatorship and ordered k final settlement. Two hours later, also on January 11, Thomas filed a motion in the probate court purporting to “transfer” the conservator-ship to the circuit court. On January 19, the probate court denied Thomas’s “motion to transfer” the conservatorship to the circuit court “for failure to properly file.”
On January 22, Thomas filed a sworn petition in the circuit court, seeking to have the conservatorship removed to the Houston Circuit Court. Monroe Thomas attached to his petition an affidavit in which he claimed that Flowers had taken into the conservatorship estate accounts jointly held by the decedent and Monroe Thomas, and that only a court with equity jurisdiction could properly dispose of the matter. While this removal petition was pending in the circuit court, the probate court entered an “Order of Final Termination of Conservatorship” on January 26. In this order, the probate pourt completed settlement of the conservatorship, ordered compensation for the decedent’s caretaker in the amount of $20,875, ordered compensation for Flowers as conservator in the amount of $36,000, and ordered compensation for Howard Green, Thomas’s guardian ad litem, in the amount of $1,008.75. On January 30, the circuit court entered an order removing the final settlement to the circuit court. On February 1, the probate court ordered Flowers to deliver all funds from the conservatorship to the probate court for immediate transfer into the intestate estate of the decedent. Flowers delivered these funds to the probate court, and the probate court transferred them to the decedent’s estate on February 5, 2001.
On February 6, after the conservator and the guardian ad litem objected to the removal of the conservatorship proceeding, the circuit court, without a hearing, rescinded the removal on the grounds of “untimely and improper filing.” On February 22, Thomas filed a Rule 59(e), Ala. R. Civ. P., motion in circuit court to alter, amend, or vacate the order rescinding the *152 removal. The circuit court denied that motion on April 17. On May 29, Thomas appealed to this Court from the denial of his motion to alter, amend, or vacate the order rescinding the removal. We transferred the case to the Court of Civil Appeals. On March 9, 2001, Thomas appealed to the circuit court from the probate court’s January 26 order terminating the conservatorship.
Flowers filed in the Court of Civil Appeals a motion to dismiss, claiming that the appeal to that court was an appeal from the same final judgment of the probate court and concerned the same issues as Thomas’s appeal to the Houston Circuit Court from the probate court’s January 26 final termination of the conservatorship. That appeal was pending in the Houston Circuit Court when Thomas appealed to this Court. On July 10, 2001, on Flowers’s motion, the Court of Civil Appeals dismissed the appeal, without an opinion. Monroe v. Thomas, (No. 2000921) 841 So.2d 323 (Ala.Civ.App.2001) (table). We reverse the judgment of the Court of Civil Appeals and remand.

Discussion

Thomas, in an abundance of caution, appealed from the probate court’s final termination of the conservatorship after the circuit court had rescinded its order removing the conservatorship proceedings on grounds of untimeliness. An appeal is the proper method by which to seek review of a circuit court’s order rescinding its order of removal. Ex parte Kelly, 243 Ala. 184, 187, 8 So.2d 855, 857 (1942). Thomas concedes that should he be successful in removing the action, there would be no need for an appeal from the probate court. Moreover, such appeals from the probate court to the circuit court would be prohibited under this Court’s holding in Fuller v. Jackson, 519 So.2d 936, 938 (Ala.1988).
Further, if the removal was indeed timely, then subsequent proceedings in the probate court conflict with the circuit court’s jurisdiction. In Ex parte McLendon, 824 So.2d 700, 705 (Ala.2001), this Court held that where one has made a prima facie showing that he is entitled to removal of the administration of an estate, the probate court must transfer the cause to the circuit court. The appropriate method by which to challenge the removal is a motion filed in the circuit court to retransfer the cause to the probate court. See also Ex parte Nelson, 644 So.2d 1266, 1267 (Ala.1994), Jarrell v. Farmers Nat’l Bank of Opelika, 253 Ala. 119, 43 So.2d 116, 120 (1949), and Jacobs v. Murphy, 245 Ala. 260, 262, 16 So.2d 859, 862 (1944). The conservatorship can be before only one court at a time. Anthony v. Anthony, 221 Ala. 221, 128 So. 440, 441 (1930), McCraw v. Cooper, 215 Ala. 51, 52, 108 So. 850, 851 (1926).
The Court of Civil Appeals erred in dismissing Thomas’s appeal on the ground asserted in Flowers’s motion. The cause is remanded to the Court of Civil Appeals for an order or proceedings consistent with this opinion.
REVERSED AND REMANDED. 
MOORE, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.