# Sewell, *et al.*, *v.* Sewell, *et al.*

## Contest of Claim of Widow's Homestead Exemption.

(Decided June 18, 1908.   47 South. 204.)

1. *Homestead; Allotment to Widow and Children; Abandonment.* —Section 2065, Code 1896, relates exclusively to claim of homestead exemptions against levy and sale under process and has no application to a homestead claim by a widow and heirs of a decedent on the ground that the widow and children had abandoned the same.

2. *Same.*—A widow and minor children of a decedent to whom a homestead has been allotted cannot be said to have abandoned the same by a failure to file a declaration of homestead claim on removing from the land.   (Section 2101, Code 1896.)

3. *Same; Evidence.*—Evidence considered and held not sufficient to show that the widow had abandoned the homestead allotted to her out of her deceased husband's estate by removing from the premises.

APPEAL from Cherokee Probate Court.

Heard before Hon. JOSEPH L. SAVAGE.

Hanna Sewell and minor children of J. A. Sewell filed a petition to have homestead allotted them out of the estate of J. A. Sewell, deceased.   M. L. Sewell, administrator, and the other heirs of J. A. Sewell, deceased, contested.   From a judgment allotting the homestead, the administrator and others appeal.   Affirmed.

MATTHEWS & MATTHEWS, for appellant.   Actual occupancy of the homestead is necessary and essential.— *Turner v. Turner,* 107 Ala. 465; *Norton v. Norton,* 94 Ala. 41.   The widow has no power of alienation, and if she does alienate, the descent to the heir is not thereby interrupted.—*McConnaughy v. Baxter,* 55 Ala. 379; *Miller v. Marks,* 55 Ala. 322; *Boyle v. Shulmin,* 59 Ala. 566; *Banks v. Speers,* 97 Ala. 560.   The leasing for two terms of three years each was an alienation of the homestead.—*Chandler v. Jost,* 81 Ala. 414; 76 Ala. 351.   Re-

gardless of the alienation her abandonment of the homestead destroyed her right to claim it.—*Pollack v. Caldwell,* 94 Ala. 149; *Barbour v. Williams,* 74 Ala. 334; *Blackmon v. Hardware Co.,* 106 Ala. 458; *Land v. Boykin,* 25 South. 172; *Gist v. Lucas,* 122 Ala. 558. A failure to file her declaration of homestead exemptions before abandoning it is fatal.—*New v. Young,* 39 South. 201; *Porter v. Harrison,* 124 Ala. 296; *Hines v. Duncan,* 79 Ala. 115 and authorities supra.

J. A. BILBRO, and THOMAS BRADFORD, for appellee. Section 2065, Code 1896, has no application to the widow's homestead.—*Garland v. Bostwick,* 118 Ala. 209. After homestead has been allotted, she does not abandon it by temporary removal.—Sec. 2101, Code 1896; *Herzfeld v. Beasley,* 106 Ala. 447; 15 A. & E. Ency. of Law, 643, and note 2; 1 Cyc. 5. As peculiarly applicable to this case, see *Newell, et al. v. Johns,* 128 Ala. 584.

HARALSON, J.—This was a contest of widow's exemptions under the provisions of section 2084 of the Code of 1896.

J. A. Sewell died in 1894, in Cherokee county, Ala., intestate, seised and possessed of 231 acres of land, upon which he resided. Shortly after his death his widow, Hannah Sewell, applied to the probate court of Cherokee county for assignment and allotment of dower in said lands. The probate court appointed commissioners to that end, who alloted one-third of the whole of the lands to her as dower. About two or three weeks after this allotment of dower, the widow again applied to the probate court for allotment of homestead in said lands. In the meantime, there had been no administration on said estate, nor was there any such administration until many years afterwards. The probate court appointed commissioners, which said commissioners allotted to

said widow for the benefit of herself and her two minor children all of the remainder of said lands not theretofore allotted as dower, as a homestead, the lands allotted to her as dower and the lands allotted to her as homestead being adjacent to each other and in one continuous body.

The widow remained in possession of the lands allotted to her as dower and the lands attempted to be allotted as homestead for several years after the death of her husband, and until the year 1900, at which time she rented all of the lands, both dower and alleged homestead, to one Humphreys for a term of three years and left the state, temporarily as claimed by her, on account of the illness of one of her children; but permanently for the purpose of taking up her residence in the Indian Territory, as claimed by the contestants.

All of the contestants are children of the said J. A. Sewell by a former wife, except Rufus Sewell, who is also the child of the widow, Hannah Sewell. While Mrs. Sewell was in the Indian Territory, the contestants brought an action of ejectment against Humphreys. She came back to the state, and on her own motion she and her minor children were made parties defendant as landlords in the ejectment suit against Humphreys. After the trial of this case, another suit in ejectment was instituted against other tenants to whom said Hannah had rented the lands, which action of ejectment was still pending at the time of the trial of this contest.

On the 5th day of December, 1905, Marcus Sewell was appointed administrator of the estate of J. A. Sewell, and appraisers of the estate were appointed as commissioners, in accordance with the statute, to set apart a homestead to the widow and minor children of the decedent. The commissioners set apart and allotted to the widow, Hannah Sewell, and to Dot Sewell and Addie

Sewell, as minor children of said decedent, all of the lands belonging to the decedent except the 74 acres that had been already set apart to the widow as dower, containing 157 acres, and appraised by them at the value of $1,956. This allotment was contested on the ground, first, that the alleged minors, Dot and Addie were at the time of the allotment, 21 years of age and on the further ground, that the widow before renting out the lands and leaving the state, did not file her claim of exemption in the office of the judge of probate, under section 2065 of the Code; and also on the ground that by renting out the lands and leaving the state before the same had been legally allotted to her as homestead, she forfeited her right to said homestead. The court below sustained the exception as to the alleged minors, Dot and Addie, but overruled the exception as to the widow, Hannah Sewell, and confirmed the report and allotted the lands to her as a homestead. From this order the contestants appeal, and assign certain rulings on testimony and the allotment of homestead to the widow, as error.

Section 2065 of the Code of 1896 relates exclusively to claim of homestead against levy and sale under process, and has no application to a case of this kind.—*Garland v. Bostwick*, 118 Ala. 209, 23 South. 698.

It nowhere appeals in the record what were the contents of the petition for homestead filed by the widow to the probate court shortly after the death of J. A. Sewell, but from intimations in the record, it would seem that the proceedings were an attempt to have the same allotted under section 2097 of the Code of 1896.—*Brooks v. Johns*, 119 Ala. 412, 24 South. 345; *Chamblee v. Call*, 128 Ala. 649, 30 South. 630. Be this as it may, we have seen that the contest of the allotment involved in this case is rested on the proposition that the widow

·had abandoned the homestead. Assuming that the homestead was legally set apart, in the first instance, the statute in respect to filing a declaration in the probate office (Code 1896, § 2097) is not applicable, for the reason that the allotment was made since the passage of section 2101 of the Code (*Tart v. Negus,* 127 Ala. 307, 28 South. 713) ; and if it was not a legal allotment, then it does not stand in the way of the allotment made here unless the widow had abandoned it.

Without deciding whether or not the doctrine of abandonment applies—that having been made the issue in the probate court, and that court having determined it in favor of the contestee—we are now brought to a consideration of the evidence on that issue. Upon a careful examination of the testimony we are not prepared to say that the trial court's finding was clearly erroneous, and therefore cannot disturb it.

The exceptions reserved to the rulings of the court on the admission of testimony are clearly without merit.

Finding no reversible error, the decree of the probate court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.