183 So. 860

**COX et al. v. McLEMORE et al.**

**8 Div. 894.**

Supreme Court of Alabama.

Oct. 13, 1938.

R. B. Patton, of Athens, for appellees.

T. S. Woodroof and J. G. Rankin, both of Athens, for appellants.

BROWN, Justice.

This appeal is from a judgment for the defendants rendered on the verdict of the jury directed by the court through the affirmative charge, with hypothesis, in their favor.

The plaintiffs are the collateral heirs at law of William Davis, deceased, to whom the lands were conveyed by warranty deed by Melvin McLemore, then in possession, and possession delivered to the grantee Davis, in the year 1920.

Davis resided on the lands in suit, as his homestead from the time he went into possession until his death in April, 1921. He left surviving his widow, M. A. Davis, and no children or lineal descendants.

The widow, who was present at the trial and testified as a witness, married Bates, and by warranty deed of date January 16, 1926, M. A. Bates and husband conveyed the lands in suit to Mat B. McLemore, who had the deed entered of record on the date of its execution, and went into possession and so remained until this suit was instituted against him. McLemore died pending this suit, and the same was revived against his widow and heirs at law.

Davis died intestate; there was no administration on his estate; and though the lands consist of only 74 acres, and of value less then $2000, his widow took no steps to have the same set apart as exempt by proceeding in the Probate Court.

The question propounded by this appeal is: What if any title McLemore took under the conveyance of Bates and husband?

The appellant, on the authority of Tharp v. Johnson et al., 219 Ala. 537, 122 So. 668, Chavers v. Mayo, 202 Ala. 128, 79 So. 594,

and Gilbert v. Pinkston, 167 Ala. 490, 52 So. 442, 140 Am.St.Rep. 89, contends that the conveyance of Bates and husband to McLemore, the property not having been claimed and set apart as exempt by a proceeding in the Probate Court, as authorized by the statute, was an abandonment of possession by the widow and worked a forfeiture of her right of homestead exemption, and the heirs at law of Davis, the deceased husband, were entitled to assert their title and recover possession from the grantees of Bates and husband.

. In Tharp v. Johnson and Chavers v. Mayo, supra, the court was applying the law governing the right of homestead exemption, and the forfeiture thereof as it existed under the Code of 1876. And in Gilbert v. Pinkston, under the Code of 1886, in all respects the same as the Code of 1876. The Act of February 28, 1889, Acts 1888–89, p. 113, now § 7952 of the Code of 1923, changed the law in respect to abandonment of such right by providing that: "When homestead exemption has been *allotted* to the widow and minor child or children, or either, * * * they shall not be held to have abandoned or forfeited the same by a removal therefrom." [Italics supplied.]

That Act, no doubt, was passed to change the law as declared in Barber v. Williams, 74 Ala. 331, to the effect that the abandonment of possession of the homestead by the exemptioner worked a forfeiture of the right of exemption, and in Banks v. Speers, 97 Ala. 560, 11 So. 841, it was held that said Act was not retroactive, but it was observed, by the then Chief Justice [page 844]: "If the statute we have copied had been enacted before the sale was made to Banks, we need not and do not decide that such sale and abandonment of the possession would work a forfeiture of the homestead right. On principle, it would seem that it should not."

■ Subsequent decisions, some of which are cited below, uniformly hold that in respect to homestead rights accruing subsequent to the Act of February 28, 1889, the sale and abandonment of possession by the exemptioner does not work a forfeiture of the right of exemption and such conveyance passes to the grantee such title as the widow acquired under the exemption statutes. Tartt v. Negus, 127 Ala. 301, 28 So. 713; Newell v. Johns, 128 Ala. 584, 29 So. 609; Faircloth et al. v. Carroll et al., 137 Ala. 243, 34 So. 182.

■ So, also, that when the homestead if occupied by the decedent at the time of his death is a tract or parcel separate and apart, and not a part of a larger tract, and does not exceed in value the exemption allowed, the exemptioner, in any event, takes a life estate without proceeding to set apart the same—the law intervenes and makes the allotment in such case—without any act on the part of the exemptioner. This seems to be the clear purpose and effect of the statute. Code 1923, § 7918, which provides: "The homestead of any resident of this state, leaving surviving him at his death a widow and minor child or children, or either, with the improvements and appurtenances not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be exempt from administration and the payment of the debts in favor of such widow and minor children, or either, *in any event,* during the life of the widow, or the minority of the child or children," &c. Franklin v. Scott, 227 Ala. 101, 148 So. 833; Cade et al. v. Graffo et al., 227 Ala. 11, 148 So. 591. [Italics supplied.]

■ The title in fee does not vest in the exemptioner as against the heirs at law in the absence of proceeding under the statute to have the same set apart, either because of insolvency of the estate or as all the real estate of the deceased husband. Franklin v. Scott et al., supra.

■ Section 7914 of the Code 1923 relates exclusively to the right of exemption from process issued for the collection of debts, and in no way affects the right of exemption from administration and the payment of debts thereunder. Sewell et al. v. Sewell et al., 156 Ala. 616, 47 So. 204.

. ■ The conveyance executed by Bates and wife, while it purports to convey a title in fee with warranty, as against the heirs, only passed to the grantee therein a life estate of the exemptioner, and in no way affects the rights of the remaindermen. Code 1923, §§ 6910 and 6925; Edwards et al. v. Bender et al., 121 Ala. 77, 25 So. 1010.

Under the undisputed proof the grantee of Bates and husband took the life estate of M. A. Davis, the widow of William Davis, deceased, and the plaintiffs were not entitled to recover the land, during the life of said M. A. Davis, now M. A. Bates.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.