33 So.2d 340

Ex parte FLOYD.

7 Div. 923.

Supreme Court of Alabama.

Dec. 18, 1947.

Rehearing Denied Jan. 22, 1948.

Chas. Douglass, of Anniston, and Harry R. Teel, of Talladega, for petitioner.

Merrill, Merrill & Vardaman, of Anniston, for respondent.

**STAKELY, Justice.**

This is an original petition to this court for mandamus to compel Lamar Field, as Judge of the Circuit Court of Calhoun County, Alabama, in Equity, to enter such orders as may be necessary to afford to petitioner the right to have a jury determine certain factual issues in connection with the estate of Jake Franklin, deceased, or in the alternative to make an order returning the cause to the Probate Court of Calhoun County, Alabama. The sufficiency of the petition is questioned by the demurrer of the respondent.

The petition for mandamus shows in substance the following. Jake Franklin, a resident of Calhoun County, Alabama, was killed by his wife, Lorene Franklin, June 9, 1946. She was convicted in the Circuit Court of Calhoun County of the offense of manslaughter in the second degree. He was survived only by his widow, Lorene Franklin, and his mother Ola Floyd. On June 15, 1946, letters of administration on the estate of the decedent were issued by the Probate Court of Calhoun County to Lorene Franklin. The decedent, who died intestate, left an estate consisting of cash in the amount of $2,980.72 and a four room residence valued at about $1,500. There were also several small items of personal property. At the time of his death Ola Floyd occupied a part of the house and Jake and Lorene Franklin the other part.

On August 17, 1946, Ola Floyd filed in the probate court what she alleges to be a claim against the estate of Jake Franklin, deceased, her position in the alleged claim being that she is entitled to receive the entire estate of the decedent because Lorene Franklin murdered Jake Franklin.

On October 1, 1946, administration of the estate of Jake Franklin, deceased, was transferred to the Circuit Court of Calhoun County, in Equity, on the petition of Lorene Franklin. On January 10, 1947, Hugh D. Merrill, Jr., was appointed administrator of the foregoing estate, Lorene Franklin having resigned as such administratrix. On January 2, 1947, Lorene Franklin filed a petition for the purpose of having set aside to her a personal property exemption in the amount of $1,000. On January 19, 1947, Lorene Franklin filed a petition for the purpose of having set aside to her a homestead exemption. These petitions for

exemptions were respectively opposed by Ola Floyd on the alleged ground in substance that Lorene Franklin had murdered her husband. The petition for mandamus alleges that at the time the petition for homestead allotment was filed, Ola Floyd was in the "exclusive possession of the residence belonging to the estate of the late Jake Franklin, that she acquired possession peaceably and is holding same openly, exclusively and notoriously and continuously * * * under claim of right and ownership."

On the petition of Ola Floyd, based on the aforesaid claim to the estate and in respect to the aforesaid petitions for exemption, Ola Floyd respectively demanded a trial by jury. These demands for a jury trial were refused by Judge Lamar Field, as Judge of the Circuit Court of Calhoun County. Judge Lamar Field, as Judge of the Circuit Court of Calhoun County, also denied the request of Ola Floyd to return the cause to the Probate Court of Calhoun County. These denials of a trial by jury and the refusal to retransfer the cause to the Probate Court are the bases of the present petition for mandamus.

So far as the alleged claim of Ola Floyd to the estate of Jake Franklin, is concerned, we think the petitioner is under a misapprehension. It is contended that Ola Floyd's claim to the entire estate is a claim within the meaning of § 216, Title 61, Code of 1940, and that under this section, as amended, Acts 1943, p. 308, Ola Floyd is entitled to a trial by jury. The position of petitioner is not correct. The rights, if any, of Ola Floyd to the estate of Jake Franklin, deceased, are as an heir and accordingly the foregoing statute has no application. Rives v. Cabel, 213 Ala. 206, 104 So. 420; § 213, Tit. 61, Code of 1940.

But it is further insisted that the allegations of the petition for mandamus show that Ola Floyd is in the actual possession of the home in which Jake Franklin lived, claiming it as owner, as herein above set forth. Accordingly it is argued that if Lorene Franklin is allowed to have the property set aside to her as a homestead, the effect will be the substitution in the equity court of a remedy in place of ejectment, a cause of action known to the common law, and hence violative of the constitutional guaranty of trial by jury. Miller v. Gaston, 212 Ala. 519, 103 So. 541. Here again we think that petitioner has taken an incorrect position.

When the allegations of the petition for mandamus are analyzed, it is clear that the title of Jake Franklin to the real estate, claimed as exempt by the widow, is not disputed. It is admitted that he owned it at the time of his death. Its value is about $1,500 and it is a small lot in the City of Anniston, with a frontage of 30 feet and extending back of even width 125 feet. Jake Franklin and Lorene Franklin were occupying the home at the time of his death and Ola Floyd was living with them but without any claim of title at that time. See Jones v. Jones, 219 Ala. 62, 121 So. 78. It is further clear that the present claim of title by Ola Floyd is based on the theory that Lorene Franklin forfeited her right to inherit from Jake Franklin because she killed him feloniously. Weaver v. Hollis, 247 Ala. 57, 22 So.2d 525. In other words, regardless of any allegation of present adverse possession, the claim and the only claim presented in the petition for mandamus, which Ola Floyd has made, is title to the residence by inheritance as decedent's mother.

Probate courts are established by virtue of § 149 of the constitution. As such they have jurisdiction, among other matters, of the administration of estates. When so engaged, the probate court is dealing with the administration of a trust. Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 4 So.2d.125. There is no common law right to a trial by jury in the probate court, because the probate court under the aforesaid constitutional provision has general jurisdiction to administer an estate without being governed by common law procedure. 50 C.J.S., Juries, § 55; Tillery v. Commercial Nat. Bank of Anniston, supra. To this it may be added that there appears to be no statute in this state authorizing a jury trial in the probate court to determine whether a particular person is an heir to an estate.

■ When the administration is transferred to the equity court, the practice and procedure in the equity court are observed. § 138, Title 13, Code of 1940; Tillery v. Commercial Nat. Bank of Anniston, supra; Hinson v. Naugher et al., 207 Ala. 592, 93 So. 560. The administration of an estate is a part of original equity jurisdiction because, as pointed out, the administration of the estate of a decedent is the administration of a trust. Tillery v. Commercial Nat. Bank of Anniston, supra; Little v. Burgess, 240 Ala. 552, 200 So. 566. Hence a jury trial in such a proceeding is not a matter of constitutional right. Carpenter v. First Nat. Bank of Birmingham, 236 Ala. 213, 181 So. 239; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Branyon v. Kirk, 238 Ala. 321, 191 So. 345.

■ Now essentially what is the nature of the proceedings for which trial by jury is here demanded? We think they are for the purpose of establishing the rights of Lorene Franklin and Ola Floyd in the trust property so as to determine disposition thereof. When viewed in this light no action recognized by the common law is involved. The proceeding is purely in the administration of a trust where a trial by jury is not a matter of right. Authorities supra; 50 C.J.S., Juries, § 30.

■ There is no merit in the assertion that petitioner was entitled to a jury trial in the probate court by virtue of § 645, Title 7, Code of 1940. Section 645 is codified under Article 2, Title 7, Code of 1940, which embraces §§ 633 to 660 inclusive. Article 2 relates only to exemption claims from levy and sale under execution or other process. Article 3, Title 7, Code of 1940, deals with exemptions from administration and the payment of debts thereunder. Accordingly, § 645 of the code relates to claims and contests of exemptions from levy and sale under execution or other process. It does not affect the right of exemption from administration and the payment of debts thereunder. Sewell v. Sewell, 156 Ala. 616, 47 So. 204; Cox v. McLemore, 236 Ala. 559, 183 So. 860.

■ We do not see how petitioner can complain because of the court's refusal to transfer the administration of the estate back to the probate court. As we have shown the removal to the equity court did not deprive the petitioner of a trial by jury in the probate court because such right did not there exist. The removal appears to have been made in accordance with the statute. § 139, Tit. 13, Code of 1940; Jacobs v. Murphy, 245 Ala. 260, 16 So.2d 859. In the case of Bynum v. Brewer, 217 Ala. 52, 114 So. 577, 579, which is quoted in Little v. Burgess, 240 Ala. 552, 200 So. 566, this court aptly said: "And, further, it may be observed that the order of removal in and of itself affected no property right whatever. It merely substituted a tribunal which had jurisdiction to determine all possible controversies for a tribunal that had no power to determine equitable issues, if such should arise, and thus brought the administration within the control of a court better able to deal justly, adequately, and completely with all matters and questions involved. We do not see that any party interested in the administration of an estate should be heard to complain of this process."

We conclude that the petition for mandamus "does not aver sufficient facts to clearly establish the legal right to coerce the particular official action sought." State ex rel. Denson v. Howze, Judge of Probate, 247 Ala. 564, 25 So.2d 433, 434. The demurrer of the respondent is sustained and the petition dismissed.

Petition for mandamus dismissed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.