PARKER, Justice.
Regions Bank, in its fiduciary capacity as trustee or cotrustee of various trusts described below, Delores Ancell, and David Puckett (Regions Bank, Ancell, and Puckett are hereinafter collectively referred to as “the trustees”) filed two permissive appeals, pursuant to Rule 5, Ala. RApp. P., from the Jefferson Circuit Court’s orders denying the trustees’ motions to dismiss in part Ernest Kramer’s and Kenyon R. Kirkland’s complaints filed against the trustees. We affirm the trial court’s orders.

*511
Facts and Procedural History

The following relevant facts are presented in these permissive appeals. Regions Bank serves as trustee or cotrustee of four separate trusts, the management of which is at issue in this case: 1) the Helga M. Kramer Revocable Trust, of which Ernest Kramer is the sole beneficiary (“the Kramer revocable trust”) (which is the subject of appeal no. 1100967); 2) the Kenyon- R. Kirkland Irrevocable Trust (“the Kirkland irrevocable trust”), of which Kirkland is the grantor; 3) the Kenyon R. Kirkland Revocable Trust (“the Kirkland revocable trust”), of which Kirkland is both the grantor and the beneficiary; and 4) the Kenyon R. Kirkland Managed IRA Trust (“the IRA trust”), of which Kirkland is both the grantor and the beneficiary (which trusts are the subject of appeal no. 1100968).
Kramer and Kirkland (hereinafter collectively referred to as “the plaintiffs”) brought separate actions against the trustees. On November 20, 2008, Kramer sued Regions Bank and Ancell, the Regions Bank trust officer assigned to the Kramer revocable trust (hereinafter collectively referred to as “the Kramer defendants”), as well as others not parties to permissive appeal no. 1100967. In his complaint, Kramer alleged that the Kramer defendants’ management of the assets held by the Kramer revocable trust constituted a breach of fiduciary duty, negligence, wantonness, breach of contract, fraud, reckless misrepresentation, negligent misrepresentation, suppression, violation of the Alabama Securities Act, Ala. Code 1975, § 8-6-1 et seq., deceit, and conspiracy; Kramer requested a jury trial as to all claims.
On January 6, 2010, the Kramer defendants filed a motion to dismiss all of Kramer’s claims except Kramer’s breach-of-fiduciary-duty claim. The Kramer defendants argued, in pertinent part, as follows:
“[Kramer’s] Complaint is fundamentally at odds with the Alabama Supreme Court’s declaration of Alabama law in [.Regions Bank v.] Reed [, 60 So.3d 868 (Ala.2010) ]. Instead of stating his allegations solely in terms of breach of trust, [Kramer] purports to state claims [of] negligence, wantonness, breach of contract, fraud, reckless misrepresentation, negligent misrepresentation, suppression, violation of Alabama Securities Act, deceit, and conspiracy — claims that the plaintiffs attempted tb assert in Reed. The Alabama Supreme Court has made abundantly clear that these allegations — all of which relate solely to the trustee’s actions and decisions in administering the trusts — constitute solely a claim for breach of trust. Id. Thus, based on the categorical authority of Reed, the longstanding Alabama precedents followed therein, and the plain language of the [Alabama Uniform Trust Code], all counts alleged in [Kramer’s] Complaint, except Count One for breach of fiduciary duty (i.e., a claim for breach of trust), should be dismissed.”
The Kramer defendants also sought to strike Kramer’s request for a jury trial.
On October 20, 2010, Kirkland sued Regions Bank and David Puckett, the Regions Bank trust officer assigned to the Kirkland irrevocable trust, the Kirkland revocable trust, and the IRA trust (hereinafter collectively referred to as “the Kirkland defendants”), as well as others not parties to permissive appeal no. 1100968. In his complaint, Kirkland alleged that the Kirkland defendants’ management of the assets held by the Kirkland irrevocable trust, the Kirkland revocable trust, and the IRA trust constituted a breach of fiduciary duty, negligence, wantonness, breach of contract, fraud, reckless misrepresenta *512 tion, negligent misrepresentation, suppression, violation of the Alabama Securities Act, deceit, and conspiracy.
On December 9, 2010, the Kirkland defendants filed a motion to dismiss all of Kirkland’s claims, except Kirkland’s breach-of-fiduciary-duty claim. The Kirkland defendants argued, in pertinent part, as follows:
“[Kirkland’s] Complaint is fundamentally at odds with the Alabama Supreme Court’s declaration of Alabama law in [Regions Bank v.] Reed [, 60 So.3d 868 (Ala.2010) ]. Instead of stating his allegations solely in terms of breach of trust, [Kirkland] purports to state claims [of] 'negligence, wantonness, breach of contract, fraud, reckless misrepresentation, negligent misrepresentation, suppression, .violation of Alabama Securities Act, deceit, and conspiracy — claims that the plaintiffs attempted to assert in Reed. The Alabama Supreme Court has made abundantly clear that these allegations — all of which relate solely to the trustee’s actions and decisions in administering the trusts — constitute solely a claim for breach of trust. Id. Thus, based on the categorical authority of Reed, the longstanding Alabama precedents followed therein, and the plain language of the [Alabama Uniform Trust Code], all counts alleged in [Kirkland’s] Complaint, except Count One for breach of fiduciary duty (i.e., a claim for breach of trust), should be dismissed.”
The Kirkland defendants also sought to strike Kirkland’s request for a jury trial.[1]
On March 15, 2011, Kramer filed a response to the Kramer defendants’ motion to dismiss; on March 22, 2011, Kirkland filed a response to the Kirkland defendants’ motion to dismiss and motion to strike Kirkland’s demand for a jury trial.
On April 13, 2011, the trial court entered identical orders in each case, granting in part and denying in part the trustees’ motions to dismiss. Specifically, the trial court granted the trustees’ motion to dismiss insofar as the trustees sought the dismissal of the plaintiffs’ common-law claims, i.e., the counts of the plaintiffs’ complaints alleging negligence, wantonness, breach of contract, fraud, reckless misrepresentation, negligent misrepresentation, suppression, deceit, and conspiracy. The trial court denied the trustees’ motions to dismiss insofar as the trustees sought the dismissal of the plaintiffs’ claims alleging violations of the Alabama Securities Act; thus, those claims, as well as the plaintiffs’ claims alleging breach of fiduciary duty, remained pending. The trial court also denied the trustees’ motions to strike the plaintiffs’ requests for jury trials, as follows:
“Regions next argues that the breach of fiduciary duty claim is purely equitable in nature, so that the plaintiff may not seek either a jury or punitive damages with regard to it. The Court • agrees that no jury right attaches to this cause of action. If the claim based on the Alabama Securities Act goes to trial, however, then a jury must decide any disputed issues of fact common to the claims. See Ex parte Taylor, 828 So.2d 883 (Ala.2001), and Ex parte Thorn, 788 So.2d 140 (Ala.2000).”[2]
*513 On April 27, 2011, the trustees filed motions in both actions entitled “motion to reconsider or, in the alternative, petition for permission to appeal.” The trial court denied the trustees’ motions to reconsider, but it certified for permissive appeals under Rule 5, Ala. RApp. P., its interlocutory orders denying in part the trustees’ motions to dismiss. Pursuant to Rule 5, the trustees then filed petitions for permission to appeal with this Court, which this Court granted. We have consolidated the permissive appeals for the purpose of writing one opinion.

Discussion

In its certification for permissive appeal, the trial court must include a statement of the controlling question of law. In conducting our de novo review of the question presented on a permissive appeal, “this Court will not expand its review ... beyond the question of law stated by the trial court. Any such expansion would usurp the responsibility entrusted to the trial court by Rule 5(a) [, Ala. R.App. P.].” BE & K, Inc. v. Baker, 875 So.2d 1185, 1189 (Ala.2003). Therefore, the only issue before this Court is the following question of law identified by the trial court in its Rule 5 certifications:
“Whether the plaintiffs], as beneficiaries] of a trust, may maintain a claim against the trustee under the Alabama Securities Act, Ala.Code [1975,] § 8-6-1 et seq., or whether the only state law claim that may be asserted against a trustee is for breach of fiduciary duty under the Alabama Uniform Trust Code.”
The answer to the first part of the question posed will of necessity answer the second part.
The trustees argue that Regions Bank v. Reed, 60 So.3d 868 (Ala.2010), is disposi-tive of the issue before us.[3] The trustees argue that, in Reed, “this Court held repeatedly and unequivocally that all matters pertaining to trusts remain within equity’s exclusive jurisdiction.” The trustees’ briefs, at p. 15. The trustees argue that the trial court’s order denying their motions to dismiss as to the plaintiffs’ claims brought under the Alabama Securities Act creates “a new, additional exception to the equitable jurisdiction of the administration of trusts in order to allow an at-law claim against the trustee[s] _” Id., at p. 19. The trustees’ entire argument that Reed is dispositive focuses on the language in Reed that “ ‘all matters pertaining to trusts ... [are] within equity’s exclusive jurisdiction.’ ” Reed, 60 So.3d at 882 (quoting First Alabama Bank of Huntsville, N.A. v. Spragins, 475 So.2d 512, 514 (Ala.1985)).
The portion of Reed relied upon by the trustees in making their argument does not address the issue presented to this Court by the trial court’s certified question of law. Instead, the issue in Reed was a jurisdictional one involving the concurrent jurisdiction of the Jefferson Circuit Court and the Jefferson Probate Court, the determination of which hinged on this Court’s interpretation of § 19-3B-203, Ala. Code 1975.[4] The language in Reed relied *514 upon by the trastees does not answer the question before us. An examination of Reed will demonstrate the inapplicability of Reed in answering the question currently before us.
In Reed, this Court set forth the following pertinent procedural history:
“According to [the beneficiaries of certain trusts suing Regions as the trustee and/or cotrastee of those trusts], in 2008 several class action lawsuits were filed in Tennessee federal district courts against Regions ... as the trustee of certain trusts for alleged violations of securities laws relating to investments made by Regions in [allegedly unstable and unsuccessful] funds .... In response to the Tennessee class actions, Regions filed in the [Jefferson] probate court a ‘Petition for Instructions and Declaratory Judgment’ relating to Alabama trusts for which Regions served as a trustee. Regions requested that the probate court appoint a trustee ad litem to participate in the class-action litigation and to represent the interests of the trust accounts. The probate court granted Regions’ request. Upon receiving notice of the appointment of the trustee ad litem, the [beneficiaries] filed motions to intervene in the probate court proceeding to protect their own interests. The probate court denied the motions to intervene, but it allowed beneficiaries of the subject trusts to opt out of representation by the trustee ad litem. The [beneficiaries] subsequently exercised their right to opt out.
[[Image here]]
“On November 19, 2008, Regions filed a ‘Petition for Final Settlement’ in the probate court (‘the final-settlement action’) pursuant to § 19-3B-205, Ala. Code 1975, concerning the trusts for which it served as trustee or cotrustee
[[Image here]]
“On November 20, 2008, the [beneficiaries] filed the above-referenced action in the circuit court (‘the circuit court action’). The [beneficiaries sued] Regions ... and alleged breach of fiduciary duty, negligence, wantonness, breach of contract, fraud, negligent indemnity, violation of the Alabama Securities Act, conspiracy, and aiding and abetting breaches of duty and law. The claims encompassed both the trusts for which Regions served as trustee or cotrustee as well as the two trusts for which it served as agent and custodian .... The gravamen of the complaint is that Regions knowingly invested the assets of the trusts in ... unstable, high-risk funds affiliated with Regions that were experiencing severe financial problems. The complaint requests damages of at least $400,000 and makes a demand for a jury trial.
“On November 24, 2008, Stockham [one of the beneficiaries] filed in the probate court a motion to dismiss or to transfer to the circuit court the final-settlement action on the ground that the probate court lacked jurisdiction to hear the [beneficiaries’] claims against Regions. In its response to the motion to dismiss, Regions argued that, pursuant to § 19-3B-203(b), Ala.Code 1975, the probate court had jurisdiction to hear in the final-settlement action any claims brought by the [beneficiaries] against Regions alleging maladministration of the assets of the trusts for which it served as trustee or cotrustee, as well any claims against Regions alleging mismanagement of the assets of the trusts *515 for which it served as agent and custodian.
“On January 8, 2009, Regions filed an answer in the circuit court to the circuit court action.... On [February 11, 2009], Regions filed a motion to dismiss or to stay the circuit court action pursuant to § 6 — 5—440[, Ala.Code 1975]. In that motion, Regions again noted that it believed the probate court had jurisdiction, pursuant to § 19-3B-203(b), Ala.Code 1975, to hear all the claims brought in the circuit court action.
“On March 26, 2009, the probate court issued an order denying Stockham’s motion to dismiss or to transfer the final-settlement action. In its order, the probate court concluded that ‘Regions’ Petition for Final Settlement was properly and timely filed’ and that by bringing its action ‘Regions does not curtail potential claims against it. Rather, [the beneficiaries] may object to the requested relief and assert any claims against Regions relating to the administration of the trusts in this proceeding for adjudication by this Court.’ The probate court based its jurisdiction on its interpretation of § 19-3B-203(b), finding that the statute gave the probate court
“ ‘concurrent jurisdiction with the circuit court in any proceeding involving a testamentary or inter vivos trust. As a result, this Court ... may hear any matter concerning a trust’s administration, including without limitation an action to “determine the liability of a trustee for an action relating to the trust and to compel redress of a breach of trust by any available remedy.” Ala.Code [1975,] § 19-3B-201(d)(13).’
“The probate court went on to state that ‘[i]t is the Circuit Court action — filed subsequently to this action — that should be dismissed or stayed pursuant to Ala. Code [1975,] § 6-5-440.’
“On April 16, 2009, the [beneficiaries] filed a petition for a writ of mandamus in the circuit court (‘the mandamus proceeding’) seeking an order directing the probate court to withdraw its March 26, 2009, order denying Stockham’s motion to dismiss the final-settlement action and to enter an order dismissing the entire final-settlement action. On August 11, 2009, pursuant to Rule 42(a), Ala. R. Civ. P.7 and with the consent of Regions and the sisters, the mandamus proceeding was transferred to Jefferson Circuit Court Judge Michael Graffeo’s docket and consolidated with the circuit court action, which was already pending before him.
“Also on August 11, 2009, the circuit court entered an order granting the [beneficiaries’] petition for a writ of mandamus directing the probate court to vacate its order denying Stockham’s motion to dismiss the final-settlement action and to dismiss in its entirety the final-settlement action without prejudice in order to allow Regions to raise any matters it asserted in the probate court as counterclaims in the circuit court action. In its order, the circuit court observed that Article VI, § 142(b), Ala. Const.1901, provides circuit courts with ‘general jurisdiction in all cases except as may be otherwise provided by law’ and provides them with authority ‘to review decisions of inferior courts.’ It noted that § 12-11-30, Ala.Code 1975, empowers circuit courts to ‘exercise a general superintendence over all ... probate courts.’ After establishing its general supervisory authority, the circuit court held that
“ ‘the Probate Court has abused its discretion by attempting to assert its authority over matters where it simply lacks jurisdiction. Specifically, the *516 Probate Court attempts to exert jurisdiction over the claims at law for money damages which [the beneficiaries] have asserted in [the circuit court action], asserting that said claims constitute compulsory counterclaims in the purported accounting action filed by Regions Bank in Probate Court.’
“The circuit court reasoned that § 12-11-30, Ala.Code 1975,
“ ‘clearly states ... that “the circuit court shall have exclusive jurisdiction over all civil actions in which the amount in controversy exceeds ten thousand dollars ($10,000).” Thus, the Alabama Legislature, acting under the authority of Ala. Const., Art. VI, § 142, has clearly mandated that only the Circuit Court shall [have] jurisdiction over civil suits, at law, such as tort claims, for money damages where the amount in controversy exceeds ten thousand dollars ($10,000), which is the case with regard to the claims brought by [the beneficiaries] in [the circuit court action], sounding in tort, for money damages.... ’
“The circuit court went on to find that § 19-3B-203, Ala.Code 1975,
“ ‘does not give the Probate Court of Jefferson County jurisdiction to hear actions and claims at law, e.g. tort claims, such as those asserted by [the beneficiaries] in [the circuit court action]. Rather, this Court construes § 19-3B-203 to simply preserve the equity jurisdiction already bestowed upon those Courts mentioned in subsection (b) of said statute by previous legislation, and not to enlarge the jurisdiction of those Probate Courts, such as the Probate Court of Jefferson County, to hear and address “at law” tort claims for money damages such as those asserted by [the beneficiaries] in [the circuit court action].
It naturally follows that, since the Probate Court lacks jurisdiction to hear those claims, they cannot be held to be compulsory counterclaims in the action which Regions has filed in the Probate Court.’
[[Image here]]
“Finally, the circuit court also found that allowing the final-settlement action ‘to proceed to conclusion on a nonjury basis, while the [beneficiaries] in the [circuit court action] are entitled to adjudicate their claims through a jury trial, creates an unacceptable and unnecessary risk of inconsistent adjudications.’
“Also on August 11, 2009, the circuit court entered an order denying Regions’ February 11, 2009, motion to dismiss or to stay the circuit court action. In its order, the circuit court adopted the reasoning set forth in its order granting the [beneficiaries’] petition for a writ of mandamus directed to the probate court.
[[Image here]]
“Regions appealed the circuit court’s writ of mandamus directing the probate court to dismiss the final-settlement action. Regions filed a petition for a writ of mandamus with this Court seeking an order directing the circuit court to vacate its August 11, 2009, order denying Regions’ motion to dismiss the circuit court action. On November 2, 2009, this Court entered an order issuing a stay of all proceedings in the circuit court pending this Court’s resolution of Regions’ appeal and its petition for a writ of mandamus.”
Reed, 60 So.3d at 872-76 (footnotes omitted).
In Reed, the question before this Court was “whether § 19-3B-203(b), Ala.Code 1975, grants the probate court jurisdiction to hear the claims brought by the [beneficiaries] in the circuit court action.” 60 *517 So.3d at 878. This Court noted that Act No. 1144, Ala. Acts 1971,
“ ‘grants to the Jefferson Probate Court “general jurisdiction concurrent with that of the Circuit Courts of this State, in equity, in the administration of the estates of deceased persons, minors and insane or non compos mentis persons, including testamentary trust estates.” (§ 1.) Thus, Act No. 1144 grants the Jefferson Probate Court broader jurisdiction than is otherwise granted to the probate courts of this state.’ ”
Reed, 60 So.3d at 878 (quoting Jett v. Carter, 758 So.2d 526, 529 (Ala.1999)). This Court then set forth the parties’ arguments concerning the interpretation of § 19-3B-203, the general rules of statutory interpretation, see State Farm Mutual Automobile Insurance Co. v. Motley, 909 So.2d 806, 813-14 (Ala.2005), and its holding, as follows:
“Subsection (a) of § 19-3B-203 provides the general rule: ‘[T]he circuit court has exclusive jurisdiction of proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust.’ Subsection (a) begins, however, by noting that subsection (b) provides an exception to this general rule. A plain reading of § 19-3B-203 indicates that subsection (b) acknowledges that certain probate courts have been granted broader powers and that the exception referenced in subsection (a) is that those courts that have been granted those broader powers have the same jurisdiction to hear actions brought by trustees or beneficiaries concerning the administration of trusts as do the circuit courts of this State.
“We acknowledge that § 12-11-30 provides for the circuit court to have exclusive original jurisdiction of civil actions in which the matter at controversy exceeds $10,000. We note, however, that this statute operates to distinguish between the jurisdiction of circuit courts and district courts as to civil actions generally. Section 19-3B-203, Ala.Code 1975, specifically addresses actions concerning the administration of trusts. ‘[A] specific statute relating to a specific subject is regarded as an exception to, and will prevail over, a general statute relating to a broad subject.’ Ex parte Jones Mfg. Co., 589 So.2d 208, 211 (Ala. 1991). Moreover, § 12-11-30 was last amended in 1996, whereas § 19-3B-203 was enacted in 2006. With respect to jurisdiction of actions concerning the administration of trusts, therefore, § 19-3B-203 is controlling.
“Thus, the probate courts of Jefferson, Mobile, and Shelby Counties have concurrent jurisdiction with the circuit courts of those counties to hear any proceeding brought by a trustee or beneficiary concerning the administration of a trust. In other words, the reference in subsection (b) of § 19-3B-203 to probate courts that have been granted ‘statutory equitable jurisdiction’ is an identifying reference, not a limitation on the jurisdiction of the courts so identified. It is those probate courts to which subsection (b) grants ‘concurrent jurisdiction’ with the circuit courts to hear actions concerning the administration of a trust brought by a trustee or beneficiary.
“The [beneficiaries] insist that even if the probate court has been granted jurisdiction under § 19-3B-203(b), Ala. Code 1975, to hear any proceeding involving an inter vivos trust brought by a trustee or beneficiary, allowing the probate court to hear the claims they brought in the circuit court action would deprive them of their right to a trial by jury, which is protected by Art. I, § 11, Ala. Const.1901. The [beneficiaries] ar *518 gue that some of the claims in their complaint — such as the negligence, wantonness, fraud, negligent indemnity, and conspiracy claims — are tort claims seeking money damages that carry with them a right to trial by jury. They observe that, in contrast,
“ ‘ “[t]here is no common law right to a trial by jury in the probate court....” Ex parte Floyd, 250 Ala. 154, 157, 83 So.2d 340, 342 (1947); Hanks v. Hanks, 281 Ala. 92, 199 So.2d 169 (1967). The right to a jury trial in probate court depends upon a statutory grant of that right.’
“Kemp v. Kroutter, 531 So.2d 854, 855 (Ala.1988).
“The problem with the [beneficiaries’] argument is that the clear gravamen of their complaint in the circuit court action with regard to their claims against Regions as trustee or cotrustee involves ‘essentially the administration of a trust, when a trial by jury is not allowed. See Ex parte Floyd, [250 Ala. 154, 33 So.2d 340 (1947) ].’ Hanks v. Hanks, 281 Ala. 92, 98, 199 So.2d 169, 174 (1967). Their claims of negligence, wantonness, fraud, and the like are derivatives of their claim of the breach of fiduciary duty.11 For example, in their negligence claim, the [beneficiaries] allege that Regions ‘acted negligently’ by ‘failing] to manage the assets held in trust for [the beneficiaries] in the manner that a reasonably prudent investment manager would have managed said funds under the same or similar circumstances.’ In their fraud claim, the [beneficiaries] allege that Regions ‘represented to [the beneficiaries] that the investments in The Funds were solid, safe, low-risk investments that would safely provide a secure income stream [to the beneficiaries]’ when, in fact, this representation was false. In short, all the claims against Regions as trustee involve the maladministration of the assets of the various trusts.
“ ‘It has long been the law in Alabama that where a trustee does not perform his duty to protect the trust, the beneficiaries may sue in equity to protect their rights. Supervising the administration of trusts is a well-recognized ground of equity, and the regulation and enforcement of trusts is one of the original and inherent powers of the equity court.’
“First Alabama Bank of Montgomery, NA. v. Martin, 425 So.2d 415, 423 (Ala. 1982). In First Alabama Bank of Huntsville, N.A. v. Spragins, 475 So.2d 512 (Ala.1985), this Court provided a thorough explanation as to why even claims for money damages alleging the breach of a trust do not carry a right to trial by jury:
“‘This case involves two separate appeals: the first appeal is from a judgment in a suit by beneficiaries of a trust against First Alabama Bank of Huntsville, N.A., acting as trustee under a written trust agreement, claiming mismanagement of the trust fund and breach of a fiduciary duty, and requesting removal of the trustee and an accounting of the subject trust....
“ ‘The Bank strenuously insists that the Plaintiffs’ claim for money damages, grounded on the allegation that the Bank, as a professional trustee, breached its fiduciary duty in its management of the trust estate, is not such a claim for money damages, cognizable at common law, as to entitle the Plaintiffs to a jury trial. We agree. While, generally speaking, a trust, created by written instrument, partakes of many of the same legal incidents as other written agreements, historically, remedies to enforce rights *519 arising under a trust have been relegated to the exclusive jurisdiction of equity.
[[Image here]]
“ ‘Both [2] Scott [on Trusts § 164 (3d ed.1967) ] and the Restatement (Second) of Trusts (1959) recognize exclusive equitable jurisdiction over remedies for a beneficiary against a trustee, with two exceptions: “(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. (2) If the trustee of a chattel is under a duty to transfer it immediately and unconditionally to the beneficiary and in breach of trust fails to transfer it, the beneficiary can maintain an action at law against him.” Restatement (Second) of Trusts, § 198 (1959). The courts of Alabama have consistently recognized and applied this common law development. Ex parte Garner, 280 Ala. 111, 190 So.2d 544 (1966). For a case applying the “at law” exception, see Ex parte Davis, 465 So.2d 892 (Ala.1985).
[[Image here]]
“ ‘Applying this rule to the Plaintiffs’ complaint, the trial court held that the Plaintiffs were not entitled to a jury trial with respect to their demands to remove the Bank as trustee and to require an accounting of the Bank. As to the remaining request for money damages, however, the trial court held that this did create a legal issue that entitled Plaintiffs to a trial by jury.
“ ‘While the rule, as here applied, is generally correct, it is not correct with respect to trusts. As seen by the historical background, the court of equity embraced the full jurisdiction of trusts, save for the two exceptions referred to above, neither of which is applicable here.
“ “We recognize that the application of pure logic presents a persuasive argument for including a third exception: a claim for money dámages only, based on an alleged breach of fiduciary duty. We are persuaded, however, to adhere to precedent and leave all matters pertaining to trusts, other than the two recognized exceptions, within equity’s exclusive jurisdiction.
“ ‘Because remedies of money damages based on a claim for breach of trust were not cognizable at law, we are constrained to reverse the judgment from which the first appeal is taken and to remand this cause for further consideration by the trial court.’
“475 So.2d at 513-14. See also Ex parte Holt, 599 So.2d 12, 14-15 (Ala.1992) (noting that ‘ “ ‘[t]he basically equitable nature of an action ... for an accounting is not changed by the inclusion of a claim for damages. Such a claim only restates the basic equitable action, and in no way creates a right to trial by jury. Indeed it would make no sense that the claim for damages could change an equitable action into one at law. Damages can only be determined after an accounting of whether or not money is owed to or from [the defendant] ....”” (quoting Sanders v. Kirkland & Co., 510 So.2d 138, 141 (Ala.1987), quoting in turn Bonnell v. Commonwealth Realty Trust, 363 F.Supp. 1392, 1393 (E.D.Pa.1973)) (emphasis omitted)).
“The two exceptions to the general rule discussed in Spragins — a duty of an immediate and unconditional money payment by the trustee to the beneficiary or a duty of an immediate and unconditional transfer of chattel by the trustee to *520 the beneficiary — are not applicable here. Moreover, the fact that the [beneficiaries] have couched some of their claims in terms of torts such as negligence makes no difference.
“‘We believe Alabama law to be clear: that the plaintiffs claims here are exclusively within the realm of equity jurisdiction. This conclusion is especially compelling in this case, in which the beneficiary of the trust, until her death, was also a co-trustee. We have diligently searched for cases that would make an exception in a case where, as in this case, the beneficiary, to whom payments were to be made, was also a co-trustee, but we have found none.
“‘We realize, of course, that [the plaintiffs] complaint is based upon SouthTrust’s alleged negligence in failing to exercise supervision and control over Payne or to employ measures sufficient to detect embezzlement of the royalties. However, we find no significant difference between the facts alleged in this case and those alleged in Spragins ... ’
“Ex parte SouthTrust Bank of Alabama, N.A., 679 So.2d 645, 649 (Ala.1996).
“Thus, the [beneficiaries’] claims for money damages do not entitle them to a trial by jury. The claims brought by the [beneficiaries] in this case concern alleged breaches by the trustee of its fiduciary duties in relation to the trust, claims that sound in equity. As a result, the probate court retains jurisdiction over the [beneficiaries’] claims against Regions as trustee or cotrustee.
[[Image here]]
" 11‘A violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust.’ § 19-3B-1001(a), Ala.Code 1975.”
Reed, 60 So.3d at 880-88.
Our holding in Reed did not address the current issue before this Court. The trustees argue that “[t]his Court’s opinion in Reed expressly stated that regardless of whether a beneficiary attempts to assert a statutory claim under the Alabama Securities Act, the law of trusts is exclusively equitable and allows but one, equitable claim for breach of trust against a trustee.” The trustees’ brief, at p. 10 (emphasis in original). However, as set forth above, this Court made no such holding in Reed.
Indeed, Reed is premised on the fact that various common-law claims were asserted and that those claims were of a nature that would normally entitle a plaintiff to a trial by jury. We held two things in Reed concerning those claims. First, we held that, because those various claims related to the administration of a trust, the Jefferson Probate Court had concurrent jurisdiction with the circuit court over them pursuant to § 19-3B-203(b). Reed, 60 So.3d at 880. This holding was not dependent upon whether those claims were equitable in nature; rather it was dependent only on the fact that they related to the administration of a trust.
Second, but without mentioning the Alabama Securities Act claim, we addressed whether there was a right to a jury trial in the probate court attendant to at least some of the claims asserted: “The [beneficiaries] argue that some of the claims in their complaint — such as the negligence, wantonness, fraud, negligent indemnity, and conspiracy claims — are tort claims seeking money damages that carry with them a right to trial by jury.” 60 So.3d at 881. For purposes of that issue, we considered that the historic common-law treatment of such claims brought in relation to the administration of a trust was to consider them as being within the court’s equity jurisdiction. Among other things, we quoted and relied upon the holding in *521 Spragins, 475 So.2d at 513, that “the Plaintiffs’ claim for money damages, grounded on the allegation that the Bank, as a professional trustee, breached its fiduciary duty in its management of the trust estate, is not such a claim for money damages, cognizable at common law, as to entitle the Plaintiffs to a jury trial.” 60 So.3d at 881-82. Although in Reed we did not specifically consider the beneficiaries’ Alabama Securities Act claim when we described various claims as historically within equity jurisdiction and therefore as claims for which a jury trial was not available, the question whether the Alabama Securities Act claims in the present cases carry with them a right to a trial by jury, even if the claims are litigated in a probate court, is not an issue we must decide in order to decide that the circuit court in the present case was correct in not dismissing those claims.
Stated differently, Reed does not stand for the proposition that claims otherwise cognizable under Alabama law, whether created by the common law or by legislative enactment (such as a claim under the Alabama Securities Act), are not available under Alabama law against a trustee in relation to that trustee’s acts or omissions in administering a trust. Contrary to the notion that we held that such claims do not exist and should be dismissed, we simply held in Reed that those claims could be litigated in the probate court.
The trustees have failed to support their argument with any relevant legal authority; thus, we answer the first part of the trial court’s certified question of law, which is “whether the plaintiff[s], as beneficiaries] of a trust, may maintain a claim against the trustee under the Alabama Securities Act, Ala.Code [1975,] § 8-6-1 et seq.,” in the affirmative; thus, the second part of its question — “whether the only state law claim that may be asserted against a trustee is for breach of fiduciary duty under the Alabama Uniform Trust Code” — must be answered in the negative.

Conclusion

Based on the foregoing, the trial court’s orders denying the trustees’ motions to dismiss the plaintiffs’ claims alleging a violation of the Alabama Securities Act are affirmed.
1100967 — AFFIRMED.
1100968 — AFFIRMED.
MALONE, C.J., and WOODALL, STUART, BOLIN, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. We note that the trustees were represented by the same attorneys in both actions below and that Kramer and Kirkland were represented by the same attorneys below; the same attorneys who argued the case before the trial court appear before this Court in these permissive appeals. Further, Judge Robert S. Vance, Jr., heard both cases below.

. Ex parte Taylor is apparently cited for the proposition that " ‘[t]he trial must be arranged so that the decision of the equitable issues by the judge does not operate to deny a *513 trial by jury of the legal issues.’ " 828 So.2d at 885 (quoting Evans v. Evans, 547 So.2d 459, 460 (Ala. 1989)). Ex parte Thom is apparently cited for the proposition that, "when both legal and equitable claims are joined in one action, then, the trial judge must arrange the order of trial so that the judge’s decision on the equitable issues does not operate to deny a trial by the jury of the legal issues.” 788 So.2d at 144.

. In fact, the only authority relied upon by the trustees is Reed and the cases and statutes relied upon by Reed.

. Section 19-3B-203 provides:
"(a) Except as provided in subsection (b), the circuit court has exclusive jurisdiction of proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust.
*514 "(b) A probate court granted statutory equitable jurisdiction has concurrent jurisdiction with the circuit court in any proceeding involving a testamentary or inter vivos trust.”